GEORGE W. PARKER *versus* CHARLES H. HALL.

By the statute, a defendant in replevin, having caused the writ to be abated by reason of the informality of the replevin bond, may, if entitled to a return, have a judgment and a writ of return accordingly. He may also have a remedy on the replevin bond, or an action on the case against the officer, for the insufficiency of the bond.

So, in such case, the defendant may regard the taking as tortious, and maintain trespass against the replevying officer.

But he cannot have an action of trespass in addition to the statute remedies.

ON EXCEPTIONS.

TRESPASS *de bonis*, tried in the Superior Court for this county, at the September term thereof, 1868.

The case was tried by GODDARD, J., without the intervention of a jury.

The bond in the replevin suit mentioned, was made to Jonathan Dow instead of George W. Parker.

The Judge ruled that this action is maintainable, and ordered judgment for the plaintiff for the value of the piano and costs ; and the defendant alleged exceptions, and thereupon the case was duly certified to the Chief Justice of this Court, in accordance with c. 151, of Public Laws of 1868.

The remaining facts sufficiently appear in the opinion.

*J. H. Williams*, and with him *Howard & Cleaves*, for the defendant.

*George B. Emery*, for the plaintiff.

This action is maintainable. R. S., c. 96, § 18 ; *Parker* v. *Simonds*, 8 Met., 209 ; *Simmons* v. *Bradford*, 15 Mass., 82 ; *Heppel* v. *King*, 7 Term R., 370 ; *Tuck* v. *Moses*, 54 Maine, 120.

APPLETON, C. J. — This is an action of trespass for taking and carrying away a piano alleged to be the property of the plaintiff.

The plaintiff, sheriff of the county of Cumberland, having a writ *Jonathan Dow* v. *James A. McNab*, on the 4th Nov. 1865, attached the piano in controversy as the property of the defendant McNab, and made return thereof on the writ.

The piano, the case finds, was the property of Caroline A. McNab. The defendant, a coroner of this county, after the attachment, took the piano on a replevin writ in favor of Caroline A. McNab against George W. Parker, and made return thereon that he had replevied the piano and had delivered it to the plaintiff in replevin, who receipted for the same on the replevin writ.

The defendant in the replevin, the plaintiff in this suit, procured the replevin suit to be abated because the bond was not in accordance with the provisions of law. A return was ordered, and the writ of return and restitution has issued against the plaintiff in the replevin suit, Mrs. McNab.

The judgment in the replevin, the writ having been dis-

missed for informality in the bond, would constitute no bar to a new suit of replevin, if Mrs. McNab had surrendered the piano to the officer having the writ of return. Her title being unquestioned, she would successfully have maintained her suit. *Walbridge* v. *Shaw*, 7 Cush., 560.

This plaintiff has no title to the piano. If he recovers, he holds the money recovered either to protect himself, or as trustee for the creditor Dow, or for Mrs. McNab. He does not need the money for his own protection. Mrs. McNab, having the property in her own possession, could not recover for its value against him; she certainly could not do it, the writ of return and restitution being unsatisfied. He would not hold the money for Mrs. McNab, for she has her own. He would not hold it for the creditor, in the suit Dow against McNab, for the debtor had no interest in the piano, and the attachment was a trespass. He should not hold it for himself, for the piano was never his. The most he could hope for would be nominal damages, if this action were maintainable.

The defendant in replevin may abate the writ if the bond is not in conformity with the requirements of the statute, R. S., c. 96, and, upon his motion, he may have a return. The writ of return and restitution will issue. If the officer having the writ cannot find the property replevied, the Court " may grant a writ of reprisal in the form prescribed by law, against the plaintiff in replevin, to take his goods and beasts not exempt from attachment, of the full value, to be delivered to the defendant, to be held and disposed of by him according to law, until the plaintiff restores the beast, or other property, replevied by him." § 17. In addition to this, by § 18, he may resort to his remedy in the bond, or " against the officer for the insufficiency of the bond." The remedy here provided is an action on the case for official neglect, and not trespass.

So the plaintiff may regard the taking as tortious, and bring his action of trespass for such tortious taking. But

he cannot have an action of trespass against the officer in addition to the remedies given by statute.

The plaintiff in the case at bar has elected the statute remedy. He has his writ of return and restitution. He may have his writ of reprisal and his suit against the officer " for the insufficiency of the bond." These remedies would seem sufficient for his protection, without the addition of a suit in trespass for the same property.

*Exceptions sustained.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.