## James E. Brady and another v. William W. Whitney.

*Trover: Right of action assignable: Charge to the jury.* In an action of trover, a charge " that a sale of the plaintiff's claim for damages by reason of the unlawful taking and carrying away of the property, would not affect plaintiff's right to recover," is erroneous. A right of action in trover is assignable.— *Final v. Backus,* 18 *Mich.,* 218.

*Payment of judgment for damages for full value in trover, transfers title to defendant.* A defendant in trover, against whom damages are given for the full value of the property converted, gets title to the property by payment of the judgment. And no one has a right to full damages unless he is in such a position that title will thus pass from him at the time of the trial and judgment.

*Rights of plaintiff in trover who has transferred his title after the conversion.* A plaintiff in trover, who has transferred his title after the conversion, can only recover nominal damages, unless there has been some special damage caused by the taking and detention.

*Heard November 3. Decided November 29.*

Error to Lenawee Circuit.

This action was brought by William W. Whitney, against James E. Brady and Charles F. Avery.

*George L. Bachman,* for plaintiffs in error.

*William W. Osborn,* for defendant in error.

CAMPBELL, CH. J.

The action below was in trover. Whitney had leased a melodeon to one Beach. It was levied on and sold, on an execution against Beach, under circumstances which are admitted to have made the sale a conversion. At some time after this conversion, but whether before or after this suit was commenced, is not clear, Whitney sold the melodeon to one Eaton, and some question also arose whether he had not also assigned his right to sue for damages, to the same party. These points being litigated, the court charged the jury upon certain questions on which the defendants below took exceptions. The jury found a verdict for full value.

Among other things, the court charged, *first,* that no sale of the property to Eaton after this suit was commenced would affect plaintiff's right to recover; and *second,* that a sale of plaintiff's claim for damages by reason of the unlawful taking and carrying away of the property, would not affect plaintiff's right to recover. Other rulings either rest on similar grounds, or become less material in view of the importance of these.

The second ruling seems to rest on the idea that a right of action in trover is not assignable. But we held in *Final v. Backus, 18 Mich. R., 218,* that such a right relating to property was assignable. Whether the right to sue for damages could be assigned to one person, and the right in the property converted, to another, is a question not arising here. There was nothing tending to prove any sale of such

a right independent of the title to the melodeon, or of the claim for its full value. And we think, therefore, that this ruling was erroneous. The case of *Tome v. Dubois, 6 Wallace R., 548,* is entirely analogous, and in accordance with *Final v. Backus.* The transfer is really a transfer of property, and not of a mere right of action for a *tort.*

We think, also, that the other ruling was incorrect. The general rule is, that a defendant in trover, against whom damages are given for the full value of the property converted, gets title to the property either by the judgment itself or by its payment. As a matter of course no one has a right to full damages unless he is in such a position that title will thus pass from him at the time of the trial and judgment. The utmost that a party can claim, who has transferred his title, would be damages analogous to those rendered where the property has been restored and accepted. These would be nominal damages only, unless there has been some special damage caused by the taking and detention.—*Sedgwick on Damages, ch. 19, " Mitigation."*

Judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.