### WILLIAM J. ATWATER *vs.* LORENZO TUPPER.

A judgment in trover, without satisfaction, does not pass the title of the property to the defendant.

The plaintiff brought two actions of trover at the same time against *A* and *B* who had severally converted the same property, the conversion by *B* being after that by *A*. He obtained judgment against *A*, when *B* pleaded that fact in bar of the further maintenance of the action, the judgment not having been satisfied. Held to be no bar.

And held that the judgment was to be for the full value of the property.

The value of the property had been found upon a hearing on the general issue before the filing of the plea in bar of the further maintenance of the action.

The plaintiff demurred to that plea and the court sustained the demurrer. The defendant then claimed the right to be heard upon the question of damages. Held that, as the value of the property had been already found, and was the rule of damages, the defendant was not entitled to a further hearing on the subject.

TROVER; brought to the Superior Court in New Haven County.

The plaintiff brought at the same time with the present suit, and to the same court, another action of trover for the same articles against one Muldis Miller. Both cases were referred together to the same committee, who found the facts, and made a report in each case, the conversion of the property by the defendant in each case being found, the conversion by the said Miller preceding that by the defendant in the present action, and the value of the property being found to be $2,500. The plaintiff having obtained judgment in the other action the defendant in this action pleaded that fact against the further maintenance of the action. To this plea the plaintiff demurred, and the court (*Hovey, J.*) sustained the demurrer. The defendant then moved to be heard in damages, which the court refused, and rendered judgment against him for the value of the property, with interest from the time of the conversion.

The defendant brought the record before this court by a motion in error. He also moved for a new trial for error of the court in refusing him a hearing in damages.

*G. H. Watrous* and *C. W. Gillette*, for the plaintiff in error.

1. The claim that a judgment against one tort-feasor is not a bar to an action against another, whether true or not in a given case, has no application to the case under consideration. If it be correct, (and the doctrine if adopted has been established against the dissent of able judges,) it has been applied only to cases of joint tort-feasors, and not to cases like the present. The conversion of the goods by Miller was his sole act. The defendant had no relation to the goods at the time of their conversion by Miller, nor for months after.

wards. If they were joint converters of the property and had been jointly sued, and judgment obtained against them jointly, such judgment would have vested the title to the property in them jointly, from the moment of conversion. If they were joint converters of the property, and had been severally sued, then the claim of the plaintiff might, upon the doctrine of some recent decisions, be urged with greater force. The property was converted by Miller long before it is claimed that the defendant knew of it or had anything whatever to do with it. The title to the property was vested in Miller, by virtue of the judgment against him, by relation from the moment of conversion. *Adams* v. *Broughton*, Andrews, 18; *Buckland* v. *Johnson*, 6 J. Scott, 145; 1 Waterman on Trespass, 601, *note*. The title to the property having vested in Miller from the moment of conversion by the act of the plaintiff in suing him in trover and pursuing the suit to final judgment, the plaintiff cannot successfully claim that the defendant shall answer to him in damages for the conversion of the property.

2. If the plaintiff were entitled to a judgment at all, it should have been for nominal damages only. *Ayer* v. *Ashmead*, 31 Conn., 447.

3. Upon the sustaining of the plaintiff's demurrer the defendant should have been allowed a hearing in damages. *Havens* v. *Hartford & N. Haven R. R. Co.*, 28 Conn., 69; *McAlister* v. *Clark*, 33 id., 91; *Lamphear* v. *Buckingham*, id., 237; *Carey* v. *Day*, id., 152; *Rose* v. *Gallup*, id., 338.

*W. C. Case* and *C. S. Hamilton*, for the defendant in error.

CARPENTER, J. The plaintiff brought two actions of trover, one against the defendant and the other against one Miller, to recover the value of the property described in the déclaration. Both causes were referred to the same committee and tried at the same time. The committee reported in both cases and the plaintiff obtained judgment against Miller. Thereupon the defendant pleaded that judgment in bar of this suit. That plea was demurred to and the demurrer sustained by the

Superior Court, and judgment rendered for the plaintiff to recover the value of the property, with interest and costs.

The defendant filed a motion in error—also a motion to a new trial.

On the motion in error the question arising is this—Is a judgment, without satisfaction, in an action of trove against one, a bar to an action of trover against another, for a subsequent conversion of the same property? Whatever the law may be elsewhere, it is clear by the decisions in this state, that a mere judgment against one of two joint wrong-doers is not a bar to a suit against the other. That point was directly decided in *Sheldon* v. *Kibbe*, 3 Conn., 214, where the question was ably discussed, and the English and American cases bearing upon the subject were noticed and considered. It was also considered upon principle and the conclusion reached, (CHAPMAN, J., dissenting,) that it was not a bar. The argument in support of the decision in that case is sound and satisfactory to us. We deem it unnecessary to repeat it or to supplement it with any reasoning of our own. In *Ayer* v. *Ashmead*, 31 Conn., 447, the question decided was somewhat different; but the opinion of the court given by HINMAN, C. J., and the dissenting opinion by BUTLER, J., assume the law to be as stated in *Sheldon* v. *Kibbe*. Judge HINMAN says, in speaking of joint trespassers, " if suits are separately brought against each, they may all be pursued to final judgment, and the plaintiff may elect which of the separate judgments he will enforce and collect."

But the defendant insists that by operation of law the judgment against Miller divested the plaintiff of his title and vested it in Miller; and that such change of title by relation took effect when Miller converted the property to his own use; and that therefore, as the conversion by Miller was antecedent to the conversion by the defendant, the plaintiff at that time had no title. This argument may be ingenious but it is not sound. There is no substantial reason for holding that the change of title, whenever it occurs, takes effect by relation at the time of the conversion. The only reason that occurs to us is that the plaintiff recovers interest from the time of

conversion. But that argument fails when we consider, as we may, that the interest is an equivalent for the use of the property in the meantime.

But we have no occasion to discuss this point, as we are satisfied that the better rule is that the title changes when the judgment is satisfied. The change of title is by operation of law; and the law will not deprive one of his property without his consent until he receives compensation. The law gives him a remedy against all the wrong-doers; that remedy will, be greatly impaired if, when he recovers judgment against one, he thereby loses his claim against all others. The operation of such a principle would be to compel him to bring a joint action when that can be done, and to deprive him of such advantages as there may be in bringing separate suits. In cases like this, where the wrongful acts are done at different times, he must elect which to sue and forego his remedy against the others. In effect this is so, because, although he may sue all, yet he gains nothing by it, as in the end he must make his election and take judgment only against one. This ought not to be so, and therefore we say that it is not so.

The weight of authority also is decidedly against the defendant on this point. In Swift's Digest, Vol. 1, p. 539, it is stated thus:—"When a person has been subjected to pay the value of a chattel in this action he becomes thereby vested with the ownership of it." In 1 Greenleaf on Evidence, § 533, it is stated that the weight of authority seems in favor of the opinion that it is the satisfaction of the judgment, and not the judgment itself, which changes the title. Many cases are cited in a note to that section and the same conclusion is reached.

The motion for a new trial presents one question only. After the demurrer to the defendant's plea in bar was sustained, the defendant claimed the right to be heard on the question of damages. The court decided otherwise, and rendered judgment for the value of the property. We think this ruling was right. This is not the ordinary case of a demurrer to the declaration overruled. In such cases, unless the declaration shows that a definite sum only can be recov-

ered, as in actions for a fixed penalty, there must be an inquest to ascertain the amount of damages. In actions sounding in damages the plaintiff will recover only a nominal sum, unless the proof shows that further damages have been actually sustained. In all such cases the defendant will be heard as a matter of course. The cases cited by the defendant are of this description. This case is different. Under the general issue the defendant was fully heard on the question of damages, and they have been judicially ascertained. So far therefore there is no occasion for a further hearing. But as we understand the defendant's claim, he goes further, and insists that in view of the prior judgment against Miller, which fact is brought upon the record by the plea in bar, the plaintiff is only entitled to nominal damages. This claim assumes that the plaintiff is entitled to only one judgment for full damages. That assumption however is not well founded, as we have endeavored to show.

The defendant cites *Ayer* v. *Ashmead,* 31 Conn., 447. That case is not analagous. There satisfaction was received from one trespasser and it was held that it was a discharge of a co-trespasser. In this case if the judgment against Miller had been *satisfied* there would be merit in the defendant's claim. As it is the question hinges on the question already considered on the motion in error, which, as we have seen, is against the defendant, and shows that the plaintiff is entitled to a judgment for full damages.

A new trial must be denied.

In this opinion the other judges concurred.