Daniels v. Smith.

## O. E. DANIELS
## v.
## ALBERT SMITH.

ELECTION OF CAUSES OF ACTION—ESTOPPEL.—Where appellee, who had sold appellant some heifers, claimed that appellant had taken a Durham which he did not buy, had his election to treat the transaction as a valid sale or a wrongful conversion, and he elected to hold it a valid sale, and brought suit in assumpsit, and appellant pleaded a tender of $175, and after the evidence was all in and the trial nearly closed plaintiff took the money tendered and dismissed the suit. *Held*, that appellant was estopped from bringing an action in trover for the conversion of the Durham.

APPEAL from the City Court of Elgin; the Hon. A. H. BARRY, Judge, presiding. Opinion filed August 20, 1884.

Mr. EZRA RUE and Mr. J. W. RANSTEAD, for appellant; cited *Bridge Corporation v. City of Lowell*, 4 Gray, 474; *Herrington v. Hubbard*, 1 Scam. 569, 572; *Yourt v. Hopkins*, 24 Ill. 326; *Hooker v. Hubbard*, 97 Mass. 175, 177; *Sanger v. Wood*, 3 John. Ch. 416, 432; *Turner v. Flanigan*, 1 Black, 492, 493; *Brewer v. Sparrow*, 7 B. & C. 310; *Lythgoe v. Vernon*, 5 H. & N. 180; Bigelow on Estoppel, 1st Ed. 578–586; Cooley on Torts, 1st Ed. 94.

Mr. FRANK CROSBY and Mr. W. H. WING, for appellee; that the voluntary dismissal was not a final determination of the case, and appellee was not thereby precluded from recovering on the same cause of action, cited *Newman v. Dick*, 23 Ill. 338; *Holmes v. C. & A. R. R. Co.*, 94 Ill. 439.

PLEASANTS, P. J. Appellant bought some heifers of appellee to butcher for beef. Appellee, claiming that he had taken one not bought—a Durham—and differing as to the amount due, sued him in assumpsit on the common counts. Appellant pleaded a tender of $175, in full, and brought the money into court. When the evidence was all in and the trial nearly closed, plaintiff took the money tendered and dismissed his suit.

Afterwards he brought this action, in trover, for the conversion of the Durham heifer; and defendant, in addition to the general issue, filed a special plea setting up the facts above stated. To this special plea a demurrer was sustained. Defendant, abiding by the plea, went to trial on the general issue and thereunder offered evidence of the same facts; which the court excluded. A verdict was rendered for the plaintiff for $35.40; motion for new trial overruled and judgment entered.

Appellee here maintains that the plea was bad because it did not aver a final adjudication upon the issue joined in the former suit; that inasmuch as there was no such adjudication, but the suit was dismissed, he was at liberty to institute another for the same cause of action; and that in this suit the defendant received the full benefit, by credit, of the amount tendered in the former.

Daniels v. Smith.

We think he misapprehends the situation. The special plea was not by way of traverse, nor of confession and avoidance, but of estoppel—and that not by adjudication but by the facts therein averred. Were they sufficient? When he commenced the former suit he knew the fact, if it was a fact, that he had not sold the Durham heifer, and that defendant had taken, butchered and sold her; and presumably he knew his right, which was to affirm this sale by defendant as rightful and recover from him the money proceeds of it, or to hold it as tortious and recover the value of the animal at the time of such conversion, which might be more or less than the proceeds received. He could have his election to treat it as a valid sale or as a wrongful conversion, and make either the ground of his action. But he could not be permitted to assert both, because both could not be true; and they are no less inconsistent when asserted consecutively than when asserted concurrently. With a full knowledge of the facts he made his election to hold it a valid sale of his property, and so asserted it in the form of a solemn and deliberate action at law as the ground of his right to the proceeds. Therefore he could not then nor can he now be permitted to assert that it was not, as a ground of action for the value of the animal irrespective of the amount of the proceeds.

These causes of action are not the same. They are not even of the same nature, but as already observed, different and inconsistent. Hence the fact that the former suit was dismissed without an adjudication on its merits on the issue made, does not leave the plaintiff at liberty to maintain this. In Herrington v. Hubbard, 1 Scam. 569, the suit at law to recover the consideration paid on the contract to convey had been dismissed before the bill to enforce performance was filed; but the court held that the suit, though dismissed, was an election to treat the contract as rescinded, and this being inconsistent with the averment that it was still obligatory, the bill could not be maintained. See also Yourt v. Hopkins, 24 Ill. 330. We also transcribe from the brief of counsel for appellant the following citations, from several of which quotations are therein made, asserting the rule to be the same and well set-

tled at law and in equity: Cooley on Torts, (1st Ed.) 94; Addison on Torts, 33; Bigelow on Estoppel, (1st Ed.) 578, 581, 584 to 86; Hooker v. Hubbard, 99 Mass. 569, 572; Sanger v. Wood, 3 John's Chy. 416, 422; Turner v. Flannigan, 1 Black. 492 to 3; Brewer v. Sparrow, 7 B. and C. 310 (14 Eng. Com. L. R. 144); Lythgoe v. Vernon, 5 H. and N. 180 (29 L. J. Exch. 164). For the errors in sustaining the demurrer to the special 'plea and overruling the motion for a new trial the judgment is reversed and the cause remanded for further proceedings in conformity herewith.

Reversed and remanded.