MORRIS, PLAINTIFF IN ERROR, v. HANSON, DEFENDANT IN ERROR.

1. REPLEVIN—INSUFFICIENT OR INFORMAL UNDERTAKING.

The acceptance of an informal or insufficient undertaking, in an action of replevin, must be taken advantage of at the earliest practical opportunity, as such defective undertaking will not deprive the

court of jurisdiction, nor in any way interfere with or void the pro-
ceeding.

2. OBJECTIONS—WAIVED.

Failing to take advantage of such defect, and by pleading to the mer-
its, the defendant will be presumed to have waived his objection.

*Error to the District Court of Otero County.*

Mr. JAMES HOFFMIRE, for plaintiff in error.

Mr. S. A. SHELDON, for defendant in error.

RICHMOND, P. J., delivered the opinion of the court.

On the 26th day of August, 1889, Andrew Hanson, de-
fendant herein, instituted his action for the recovery of cer-
tain personal property of the alleged value of $200 against
plaintiff in error, George Morris. Affidavit and bond was
filed and thereafter writ of replevin issued. It appears from
the record that the bond was signed by the plaintiff and one
surety. On the 4th of September, 1889, Morris filed a mo-
tion to dismiss the action for want of sufficient bond, and
before hearing of said motion he filed his answer to which
the plaintiff replied.

The motion to dismiss was overruled, and the cause was
subsequently transferred, on motion for a change of venue,
from the county court to the district court. In the latter
court defendant renewed the motion to dismiss, and it was
there overruled and the cause tried upon its merits, result-
ing in a judgment in favor of the plaintiff.

It seems, however, that prior to the hearing of the motion
to dismiss in the district court the plaintiff secured an addi-
tional surety.

Plaintiff seeks to reverse the judgment on the ground
that sufficient bond in replevin had not been given at any
time, and contends that the subsequent signature of the
surety, without notification to the previous surety, was ille-
gal and rendered the bond absolutely void.

The only point raised and discussed is the supposed error of the court in not dismissing the action upon the motion.

We do not think plaintiff in error is in a position to insist upon this contention. If it were error for the court to overrule the motion on the ground of insufficiency of the bond, to reverse the judgment for that reason would in no sense assist the plaintiff in error; if the bond had been signed by many sureties and legal in every sense, no right of action would accrue to the plaintiff in error upon the same. The judgment was against him for the property or its value, to which judgment no exception was reserved nor is the result of the trial complained of.

Absence of bond at the trial would in no way affect the jurisdiction or proceeding of the court. Wells on Replevin, § 393; *Tripp et al. v. Howe*, 45 Vt. 523.

The failure to take the bond, or the acceptance of an informal or insufficient one, must be taken advantage of by the defendant at the earliest practical opportunity, as such defective bond will not deprive the court of jurisdiction, nor in any way interfere with or avoid the proceeding; and by omitting to take advantage of such defect, and by pleading to the merits, the defendant will be presumed to have waived his objection, and will not usually be permitted to assert and take advantage of them afterwards.

It will be observed that after filing the motion to dismiss in this cause and before hearing thereof, the plaintiff answered the complaint. *Kesler v. Haynes et al.*, 6 Wend. 547; Wells on Replevin, § 410; *Parker v. Hall*, 55 Me. 362.

Besides, the plaintiff could have complained of the insufficiency of the bond under the provisions of sections 82 and 84, Civil Code, Session Laws 1887.

By section 82 it is provided that, " A defendant may, within five days after the service of a copy of a writ, give notice to the clerk, that he excepts to the sufficiency of the sureties on plaintiff's undertaking. If he fails to do so within five days after such service, he shall be deemed to have waived all objections to them." * * *

By section 84 it is provided * * * "If at any time pending an action under the provisions of this chapter, it shall appear to the court, or the judge thereof, in which the action is pending that any undertaking given is insufficient or that any surety therein has died or has removed from this state, or is or has become or is likely to become insolvent, said court or the judge thereof in vacation, shall order another and satisfactory undertaking to be given within such time as the court shall direct, notice in writing having been previously given to the adverse party of the intended application for such order. If any person to whom such order shall be directed, shall fail to comply with the terms thereof, the court shall order the return of the property to the adverse party pending the trial."

Here then were two methods by which the defendant below could have secured a bond with ample security to protect any rights he might have in the property. Neither of which he saw proper to pursue, and in view of the fact that the question of sufficiency or insufficiency of the bond was properly brought to the attention of the court by the motion to dismiss, we are warranted in believing that the district court deemed the bond amply sufficient for the protection of the defendant's rights. Besides, it would work no benefit to the defendant for us to reverse the cause even if error had been committed by the trial court.

The judgment must be affirmed.

*Affirmed.*