JOHN A. TOLMAN CO. *v.* WAITE.

1. TROVER—EFFECT OF JUDGMENT—TITLE.

The mere rendition of a judgment for the plaintiff in an action of trover does not operate to transfer to defendant the title to the goods converted.

2. SAME—JUDGMENT AGAINST DECEDENT—CERTIFICATION TO PRO-BATE COURT.

Whether the certification to the probate court of a judgment in trover against a decedent, who died during the pendency of the action, would pass title,—*quære.*

Case made from Iron; Stone, J.   Submitted January 24, 1899.   Decided February 6, 1899.

Trover by the John A. Tolman Company against Manville B. Waite, sheriff of Iron county.   Plaintiff had judgment, and defendant assigns error.   Affirmed.

*Fred H. Abbott*, for appellant.

*A. L. Flewelling*, for appellee.

HOOKER, J.   The facts in this case were stipulated, and a judgment was rendered for the plaintiff by the court, from which the defendant has appealed.

Ball, as sheriff, seized, by virtue of a writ of attachment against Bannerman, at the suit of Fisher, personal property which in fact belonged to the plaintiff, who brought an action of trover therefor.   Ball died during the pendency of the action.   His death was suggested, and his administrator defended the action, which resulted in a judgment against the administrator for $275, including damages and costs.   Nothing was ever paid upon this judgment.   On February 8, 1896, judgment was rendered for the plaintiff, Fisher, against Bannerman, the defendant in the attachment suit, and on February 16, 1897, an

execution was issued. This was levied on the property attached, which had in the meantime been held under the attachment, and it was subsequently sold, to apply on the execution, by a deputy of the defendant, who had succeeded to the office of sheriff. The value of the property was $200. The plaintiff then brought this action of trover for a conversion through the execution sale. The only question in the case is whether the title to the property passed from the plaintiff by virtue of the judgment against Ball's estate. Counsel for the defendant claims that a recovery in trover for the full value of the property operates to transfer the title, whether the judgment is satisfied or not. Counsel for the plaintiff insists that satisfaction of the judgment is a prerequisite.

We are of the opinion that the weight of authority in this country supports the plaintiff's contention, and that this court has not gone so far as to hold that the mere rendition of a judgment for the plaintiff in trover operates to transfer the title to the defendant. See note to *Brady* v. *Whitney*, 24 Mich. 154. In that case the court said that "the general rule is that a defendant in trover, against whom damages are given for the full value of the property converted, gets title to the property, either by the judgment itself or by its payment." This is not an unambiguous statement, and, we think, cannot be said to hold that a mere judgment is sufficient. In *Kenyon* v. *Woodruff*, 33 Mich. 310, an execution had issued upon the judgment, and been levied upon property sufficient to satisfy the judgment. Under the circumstances of that case it was held that title passed, under the election of the plaintiff to look to the judgment debtor alone; citing *Boardman* v. *Acer*, 13 Mich. 77 (87 Am. Dec. 736). This may properly be supposed to qualify the statement on page 315, viz.:

"The recovery of Schulenberg against Woodruff for the conversion of the tables put an end to Schulenberg's right to reclaim them (*Brady* v. *Whitney*, 24 Mich. 154), and left them as the property of plaintiffs in error, at

whose instance and for whose sole benefit the conversion was brought about."

Furthermore, had the court considered *Brady* v. *Whitney, supra,* to have held that the judgment was alone sufficient, it would have been unnecessary to consider the point on which the later case really turned.

In the present case no execution was issued.  Counsel asserts that execution could not issue, and that certification to the probate court was equivalent thereto; but, as we do not find that the judgment was certified, there is no occasion to discuss the question.

The judgment is affirmed.

The other Justices concurred.