## John V. Farwell Co. v. Claude B. Garrett.

1. Remedies—*Election to Follow One is an Abandonment of the Other.*—When one chooses between two or more inconsistent remedies, the election to follow one involves an abandonment of the other.

Attachment.—Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed March 12, 1900. Rehearing denied.

Statement.—Appellee purchased from Day & Co. a stock of goods. The transaction was by way of exchange, appellee giving to Day & Co. a farm in Indiana in exchange for the merchandise. After appellee had taken possession of the goods an attachment was levied upon them at the suit of appellant against Day & Co. A preponderance of the evidence goes to show that at the time of the levy appellee declared to the representative of appellant in effect that he

would rescind the transaction by which he had purchased the goods and would proceed to regain his farm by procedure against Day & Co. At the same time it was stated to appellee by the representative of appellant, that appellant had a chattel mortgage upon the goods. The evidence tends strongly to show that it was stated the amount secured by the mortgage was $9,000, and that it was as a result of such statement and the levy that the declaration of appellee was made. Appellee surrendered the goods to the officer who levied the writ of attachment, and then proceeded to institute a suit in a court of Indiana to set aside the transaction and recover the farm, alleging as ground for his action that Day & Co. had fraudulently represented to him that the stock of goods was free from liens, when it was in fact subject to the lien of a chattel mortgage to the extent of $9,000.

Later, and while the suit was still pending and undetermined in the Indiana court, appellee intervened in the attachment suit of appellant against Day & Co., and by way of an interplea set up his claim to the stock of goods as purchaser thereof from Day & Co. Upon the trial of the issues raised by his interplea a verdict was rendered for appellee. From judgment upon that verdict this appeal is prosecuted.

Tenney, McConnell, Coffeen & Harding, attorneys for appellant.

Phelps & Cleland, attorneys for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

It would seem from the evidence that appellee was an innocent and *bona fide* purchaser of the stock of goods in controversy, and that if he had insisted upon his right, it might have prevailed over the claim of appellant as an attaching creditor. But it is contended that appellee, by announcing his determination to abandon claim to the goods,

to rescind the transaction by which he bought them, and to recover back the farm, so far elected his remedy in the matter as to preclude him thereafter from setting up a claim to the goods. We are of opinion that a decided preponderance of the evidence establishes that appellee did elect, at the time of the levy, to abandon claim to the goods, and to rescind the transaction between himself and Day & Co. If this be so, and if this were the only question, then the claim of appellee under his interplea could not be maintained. For it is well established that when one chooses between inconsistent remedies, the election to follow the one involves an abandonment of the other. Harrington v. Hubbard, 1 Scam. 569; Daniels v. Smith, 15 Ill. App. 339; Butler v. Hildreth, 5 Met. 49; Morris v. Rexford, 18 N. Y. 552; Thompson v. Howard, 31 Mich. 309; Connihan v. Thompson, 111 Mass. 270; Robb v. Voss, 155 U. S. 13.

And in Connihan v. Thompson, *supra*, the Massachusetts court hold that the institution of a suit is such a decisive act, indicating an election of that remedy, as to constitute a waiver of rights which would be inconsistent with the maintenance of such suit.

But the difficulty here is that it is contended by counsel for appellee that the election by appellee was procured through false and fraudulent representations made by parties representing appellant, and for the purpose of inducing such election.

If the evidence should establish this contention, it would constitute a very complete answer to the claim that appellee was bound in his interplea by his election to abandon his right to the goods. Butler v. Hildreth, *supra*, wherein Chief Justice Shaw, speaking for the court, said:

"If * * * it should appear that he had made his election under a mistake of facts, and more especially if he had been led into such mistake by the adverse party, it might present the question in a different view."

It was represented to appellee, in effect, that the goods for which he had traded were then subject to the lien of a chattel mortgage owned by appellant. It is difficult, if

not impossible, to determine from the evidence whether this representation was true, or, as insisted by appellee, false, and made for the purpose of inducing appellee to do precisely what he did do, viz., abandon all claim to the goods.

The evidence as to the mortgage of appellant upon the property in question is scant and uncertain. The return of sheriff upon the writ of attachment recites that he levied upon the goods "subject to a certain chattel mortgage in favor of the John V. Farwell Co., numbered 2,648,743, and recorded in the recorder's office in Cook county on the 14th day of February, 1898, in book 6440 of records, on page 170." W. H. Garrett, the father of appellee, testified that a representative of appellant, who accompanied the officer who made the levy, told appellee that appellant had a mortgage upon the property "for something over $9,000." The representative of appellant denied this, and testified that he had said that the balance due on the mortgage was about $1,500. The declaration of appellant in its suit, wherein the writ of attachment was issued, sets up a note for $1,500, dated February 7, 1898, and due eight months after date, and the note recites that it is secured by chattel mortgage of even date. The chattel mortgage in question, if it secured this note, may not have constituted any lien whatever as against appellee, who had purchased the goods and taken possession of them. No other chattel mortgage is suggested by the record, save as the pleadings of appellee in his suit in the Indiana court set up a mortgage securing an indebtedness of $9,000.

The cause should be submitted to a jury to determine whether appellee elected to abandon claim to the property in question, and, if so, whether such an election was procured by false and fraudulent representations made by a representative of appellant.

Upon such trial, evidence may be presented more fully as to the nature of the chattel mortgage which appellant held upon the property. Upon the record as it now stands we are obliged to hold that a preponderance of the evidence

establishes an election by appellee to pursue a remedy inconsistent with any claim to the property in question. We can not say that it is so far shown that the representations of appellant's agents were false and fraudulent as to warrant us in sustaining the judgment. Reversed and remanded.