[No. 4243.]

WOODWORTH v. GORSLINE.

1. **Executions—Indemnity Bonds—Trespass.**

Where the plaintiffs in an execution gave to the sheriff an indemnity bond they are liable with him as joint trespassers for a wrongful seizure of property.

2. **Same—Replevin—Trover—Res Judicata.**

Where the plaintiffs in an execution gave the sheriff an indemnity bond to levy on property, a judgment against the sheriff in replevin for a return of the property is not a bar to an action in trover against the obligors of his indemnity bond.

3. **Same.**

A judgment in replevin against a sheriff for the return of property levied on by execution, is conclusive against the plaintiffs in the execution who gave the sheriff an indemnity bond to make the levy.

4. **Same.**

Where the plaintiffs in an execution indemnified the sheriff to levy on certain property and a judgment was recovered against the sheriff for a return of the property in a replevin suit to which the obligors of his indemnity bond were not parties, the plaintiff in the replevin suit was not bound to accept a return of the property in satisfaction of his judgment, and a tender of such property by the sheriff which was refused was not a satisfaction of the judgment so as to bar an action in trover against the obligors of the sheriff's indemnity bond.

5. **Same—Inconsistent Actions.**

Where property was wrongfully taken under execution, an action in replevin against the sheriff and an action of trover against the obligors of his indemnity bond are not inconsistent so that a judgment in the former would bar the latter action.

6. **Same—Evidence.**

In an action in trover against the obligors of a sheriff's indemnity bond for wrongfully taking property under an exe-

cution, testimony of witnesses, since deceased, in an action of replevin against the sheriff for the same property is admissible.

**7.  Evidence—Presumption—Appellate Practice.**

Where the evidence of a deceased witness in a former trial is read in evidence, it will be presumed that it was correctly read and that the bill of exceptions was properly authenticated.

**8.  Trover—Measure of Damage.**

In an action of trover for wrongfully taking property under execution where plaintiff recovers judgment, the measure of damages is the value of the property at the time of taking with legal interest on such value from the time of taking to the date of trial.

*Appeal from the District Court of Arapahoe County.*

Mr. H. E. LUTHE, for appellant.

Messrs. TELLER & DORSEY, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

It appears from the record that H. C. Woodworth and H. A. Woodworth, on the 20th of November, 1894, held a judgment against Lewis C. Rockwell for the sum of $1,202, and that upon the 15th of November, 1894, they caused an execution to be issued and directed the sheriff to levy upon the law library and bookcases of said Rockwell; that the sheriff refused to make the levy, and that the Woodworths gave a bond to the sheriff to indemnify him, and that subsequently the sheriff did levy upon the books and bookcases. That prior to this time Rockwell had executed a chattel mortgage upon the same property to secure a note given to Julia F. Gorsline, and that after the property was levied upon by the sheriff, Julia F. Gorsline began her suit in replevin in the district court of Arapahoe county against the sheriff. That the sheriff executed the statutory bond for the retention of the property, with the Woodworths as sureties, and shortly afterwards

sold the goods at execution sale, the purchasers being the Woodworths. That in the replevin suit, judgment was rendered in favor of the plaintiff for the possession of the books and bookcases, and their value was found to be $1,776. From this judgment the sheriff appealed to the court of appeals, and in 1898 the judgment was affirmed. Immediately after the affirmance of the judgment, the sheriff made a tender of the goods in question to the plaintiff, but she, through her attorney, refused to accept them. In the following September, suit was brought by Julia F. Gorsline against Henry C. Woodworth and Harry A. Woodworth, in trover, to recover the value of the goods, alleging that they had converted them to their own use. In the answer filed by the defendants, they alleged, among other things, that the goods in question had been bought at the execution sale by them for the express purpose of having it within their power to return the goods to the plaintiff in case judgment should be given in her favor, that since the sale they had kept them in the same condition, and that prior to the commencement of that suit they had made a tender thereof to the plaintiff, and that she had refused to accept the same.

Demurrer was interposed to this answer, and the demurrer was sustained; the court stating, in answer to the application of counsel for defendants for his reasons for sustaining the demurrer to the answer and amendment thereto, that the answer and amended answer could not be sustained as a bar to the plaintiff's action, because the court could not hold that the plaintiff was, under the law, compelled to receive back property, goods and chattels that had been the subject-matter of litigation in the replevin suit mentioned in the complaint, in said answer and amendment thereto. It was also alleged in the answer that they, the said defendants, conducted the

defense of the said William K. Burchinell in the said replevin suit, until the conclusion thereof in the district court, as well as in the court of appeals, and appeared in said cause for said Burchinell by their attorney, employed and paid by them, and that they conducted all the litigation and proceedings in said cause, appearing in person and by attorney therein, at every stage of the cause, with the consent and request of said Burchinell, and that said Burchinell was only a nominal party of record in said cause, and these defendants were the only real and interested parties in the defense of said cause."

Before the trial, the death of the defendant Henry C. Woodworth being suggested, the cause as to said Henry C. Woodworth was dismissed at the costs of the plaintiff.

Upon the trial, the testimony of Lewis C. Rockwell and of John Q. Charles, given in the replevin suit, was read; it appearing that the said witnesses were deceased.

The court gave the following instruction to the jury:

"Your verdict should be for the plaintiff, in whatever sum you find the value of these goods and chattels to have been on the 2nd day of December, 1894; and in estimating the damages plaintiff is entitled to recover, based upon that value so found by you, you may add thereto a sum equivalent to interest at eight per cent. per annum from the 2nd day of December, 1894, as damages, and may make up your verdict based upon the two items."

The defendant appealed to this court.

The questions for us to determine are whether the rulings of the court upon the demurrers, on the admission of the testimony of Lewis C. Rockwell and J. Q. Charles, and in overruling the exception to the foregoing instruction were correct. It is con-

tended by the appellant that the court erred in sustaining the demurrer to the answers, because the suit between Gorsline and the sheriff for the recovery of the personal property mentioned is a bar to any subsequent proceeding or subsequent suit for the value of the same goods. It is asserted by the appellee that the replevin suit is no bar to any subsequent suit against the defendant, because the defendant was not a party to the replevin suit, but merely a privy, and that the said defendant, being a co-trespasser with the sheriff, must respond in damages in any suit that the plaintiff might bring for the conversion of the property mentioned in the complaint.

We are satisfied that the judgment in the replevin suit determines, as against all parties and privies, the right to the possession of the property; and that, as the defendant in this suit was a privy to the replevin suit, he is bound by it. The appellant insists that when the plaintiff brought her suit in replevin for the recovery of the goods and procured a judgment for the possession of the goods or for the value thereof in case a delivery could not be had, that she elected to obtain a return of the goods, and when they were offered to her that she should have accepted them, and having failed and refused to accept them, she should not be permitted to maintain her action; that the tender of the goods was, in effect, a satisfaction of the judgment.

It is undoubtedly the rule that one may not maintain successive inconsistent actions. And many authorities are cited by the appellant showing what actions are held to be inconsistent.

In *Terry v. Munger*, 24 N. E. 272, it is held that one cannot, after bringing suit upon an implied contract for the sale of goods, maintain another action against other wrongdoers for conversion.

In *Marston v. Humphrey,* 24 Me., 513, it is held that one cannot, after prosecuting a claim for damages for breach of contract to judgment, maintain an action for the specific performance of the same contract.

In *Daniel v. Smith,* 15 Ill. App. 339, it is held that after one has treated a transaction as a valid sale of goods, he cannot afterwards maintain trover for the conversion.

In *Parker v. Panhandle Nat. Bank,* 11 Tex. Civ. Ct. App. 702, it is held that a mortgagee, having intervened and procured a judgment for the proceeds of a sale of goods upon which he held a mortgage, waived the right to sue for a conversion.

In *Karr v. Borston,* 24 Ill. 580, it is held that "if the plaintiff selected the form of action in which he was not entitled to recover vindictive damages, he must be content with the remedy which that form of action has afforded. The pleas aver that he recovered all the goods taken."

Substantially the same ruling was made in *Savage v. French,* 13 Ill. App. 17; *Hite v. Long,* 18 Am. Dec. 719; *Parker v. Hall,* 55 Me. 362.

In *Baumann v. Jefferson,* 23 N. Y. Supp. 685, it is held that one may not sue successively in conversion and replevin; but in the case of *Russell v. McCall,* 141 N. Y. 437, Justice Peckham, in a review of the authorities which hold that inconsistent actions cannot be maintained, says: "In all the cases cited there is an element of inconsistency involved in which the plaintiff seeks to occupy with reference to the same transaction and upon the same facts a position which is antagonistic to the one already taken by him. He took no position, proved no fact, asked for no relief, in the first case which is in any way inconsistent with the position he now assumes, unless

it can be said that the recovery of the personal judg-
ment has effected this great change.''

The case of *Manker v. Sine,* 47 Neb. 736, is relied
upon by the appellant to support his contention that
a tender of the goods is the equivalent of the satis-
faction of the judgment. An alternative judgment
having been rendered in a replevin suit against the
plaintiff for the return of the property or its value,
the plaintiff tendered the goods and the amount of
damages and costs, and upon the tender being re-
fused, filed his motion in the district court by which
he sought to have the alternative judgment satisfied.
The court, upon the hearing of the motion, found
''that the plaintiff, after the judgment was rendered
upon the mandate from the supreme court in the
cause, tendered to defendant the property replev-
ied in this cause, and made a tender at the place
where said property was taken from the defendant
under the writ of replevin, and that plaintiff offered
to return said property to defendant and *that plain-
tiff has made a sufficient tender,* but the court being
of the opinion that there is no authority in this pro-
ceeding to cancel the alternative judgment, refused
to cancel the alternative judgment.''

The supreme court said: ''The finding being in
favor of the plaintiff as to the alleged tender of the
property    *    *    *    our investigation is confined to
a single question of practice, viz., whether the judg-
ment defendant may in such case proceed in a sum-
mary manner by motion for the satisfaction of a
judgment against him, or whether his remedy is by
bill in equity or other appropriate action. The plain-
tiff in the case at bar has, according to the finding of
the district court, satisfied the judgment by a return
of the property replevied. True, it may be inferred
from the record that the defendant, for reasons not
disclosed, refused to receive the property when re-

turned in obedience to the judgment in his favor, but that fact cannot, *in view of the finding of the district court,* be regarded as material. The question is not whether the defendant in a replevin suit may, upon any conceivable state of facts, refuse to accept the property in dispute when tendered pursuant to an alternative judgment in his favor, * * * but whether, upon the facts of the case before us, the return of the property operated to discharge the alternative judgment."

It seems that upon the trial of this case judgment was rendered in favor of the defendant for the value of the goods taken under the writ, and upon appeal by the plaintiff the supreme court reversed the judgment because it was not in the alternative, and directed an alternative judgment to be rendered. Upon the rendition of the judgment, plaintiff made a *sufficient* tender of the property. In the case we have before us, the defendant retained the property until after the determination of the case in the court of appeals, nearly four years; and, moreover, the suit is not against the defendant in the replevin suit, but against another person—a joint trespasser.

In an exhaustive opinion by Justice Miller, reported in 3 Wall. 1, the United States supreme court held:

1. That the defendant by giving a bond of indemnity to the sheriff, thereby became liable as joint trespasser with him under the attachment.

2. That nothing short of satisfaction, or its equivalent, can make a good plea of former judgment in trespass, offered as a bar in an action against another joint trespasser, who was not a party to the first judgment.

3. That the judgment against the sheriff as a trespasser is conclusive against those who furnished

the bond indemnifying the sheriff in attachment proceedings. *Lovejoy v. Murray, 3* Wall. 1.

In the case cited, Lovejoy & Co. executed a bond indemnifying the sheriff, who then proceeded to sell the attached property. Murray then sued the sheriff. The suit against the sheriff was defended by counsel paid by Lovejoy & Co. Murray recovered judgment against the sheriff for about $6,000; there was paid thereon the sum of about $800. Suit was then brought by Murray against Lovejoy & Co. and the plaintiffs recovered judgment for the amount recovered against the sheriff less the amount paid. Many authorities are reviewed by Justice Miller; and the law as announced by him is undoubtedly the prevailing rule in America. Applying it to the case at bar, the decision is authority for holding, as we do:

1. That the Woodworths, by giving a bond of indemnity to the sheriff, became liable with him as joint trespassers for the wrongful seizure of the goods of Julia F. Gorsline.

2. That the mere judgment against the sheriff is not a bar to the action against the Woodworths.

3. That the judgment against the sheriff is conclusive against the Woodworths.

But the appellant, admitting, as he does, the correctness of the opinion cited, insists that if the Woodworths were bound by the suit against the sheriff, Mrs. Gorsline was also bound; and that the judgment in replevin, followed, as it was, by a tender of the goods, settled the controversy. We cannot agree with counsel. The Woodworths were not parties to the replevin suit; an execution could not have been issued against their property. By voluntarily indemnifying the sheriff and defending the suit against him, they did not deprive the plaintiff of the right to sue them as trespassers. She elected to sue the sheriff upon his separate liability, and the recovery of

judgment against the sheriff is no bar to the action against the Woodworths; and unless the tender pleaded is equivalent to a satisfaction of the judgment, or the actions brought by the plaintiff are inconsistent, the demurrer was properly sustained.

The replevin suit was begun in December, 1894; on March 15, 1898, the tender was made. During all of this time except a month or two, when they were in the hands of the sheriff, the goods have been in the possession of the defendant. Whatever the rule may be in cases where there is only one trespasser, or in cases where the defendant tenders the goods in response to a demand, or in compliance with the terms of a judgment, we are satisfied that the plaintiff in a replevin suit is not bound to accept a tender of the goods at the termination of long litigation, in satisfaction of his judgment, in cases where he has the right to bring other suits against other trespassers.

The case of *Blann v. Crocheron,* 20 Ala. 330, and cited by Mr. Justice Miller in the case of *Lovjoy v. Murray, supra,* held that when two persons jointly commit a trespass, the injured party may sue them severally, yet he can have but one satisfaction; and when separate judgments are recovered, he must elect on which recovery he will seek it. A plea setting forth a former recovery against a co-trespasser and a voluntary payment of the damages and costs to the clerk in open court, by the defendant to that judgment, without averring that the plaintiff accepted such payment in satisfaction of his recovery, is bad on demurrer.

Upon this authority, therefore, it would seem that until the plaintiff accepts satisfaction of a judgment which she has obtained against the sheriff for the possession of the goods, a mere tender of satisfaction is no bar to this action in trover.

If then, the action brought against the sheriff

and the action we now have before us are not inconsistent, the plaintiff has the right to determine for herself which judgment she will satisfy. *Sheldon v. Kibbe*, 3 Conn. 214; *Atwater v. Tupper*, 45 Conn. 144.

It is said in *Russell v. McCall, supra*, that "When, subsequent to the first action, the plaintiff commences one against all of the wrongdoers, he has not lost the right to maintain it by reason of an election to waive such remedy, but has lost it in their case only for the reason that he has no right to vex them twice for the same cause of action."

We are of the opinion that the action of replevin we have under consideration and the action of trover now before us are not inconsistent. There might be an inconsistency between the actions of replevin and trover, but in this case there was a tortious taking. The primary object of the plaintiff was to obtain the immediate possession of the goods. In this she has failed by reason of the action of the defendant in retaining the possession, as was his right, and in ordering the goods sold. She alleged in her replevin suit, and established, that she was entitled to the immediate possession of the goods, and that they were unlawfully taken and wrongfully detained. The taking was a conversion, so was the sale. She alleged nothing in the action of trover antagonistic or contrary to her allegation in the replevin action, nor were the two actions based upon conflicting theories. She did not seek vindictive damages in either proceeding. She did not waive the tort in the action of replevin. In fact, her action in replevin is founded upon the tort. In her suit in trover she counts her action upon the same tort, and the liability of the sheriff and Woodworth being a joint and several one, and the several actions brought successively against them not, in our opinion, being inconsistent, we think she had the right to maintain them.

The case which more nearly resembles this than any other we have examined is that of *Elliot v. Porter*, 5 Dana, 299. The facts of the case are that Porter, having obtained a verdict and judgment against Elliot for six hundred dollars, for the conversion of one hundred and twenty-five barrels of salt, appealed to the supreme court, and claimed that the circuit court erred to his prejudice in refusing to permit him to read a certified copy of the record of an action of detinue, in which Porter had previously obtained an alternative judgment against one Jacob Luce for the same salt, or for its assessed value, of which judgment there had been no satisfaction. "The judgment in detinue," says the court, "merged all right of action, by the same plaintiff, against the same defendant, for the same cause of action; because the judgment was of higher dignity than the previous right to sue for the salt or for its value. * * * But the judgment did not extinguish any cause of action which the same plaintiff may have had for either a trespass upon, or a detention, or conversion of the same property by another person, either at a different time, or in conjunction with the party first sued. * * * It is a general rule, that wherever there are several concurrent remedies for the same cause of action, in favor of the same person, against several different persons, judgment against one will not bar a suit against another. *There must be satisfaction.* * * * We can perceive no reason, and know of no authority, for deciding that, where several persons have been guilty, either jointly or severally, of detaining the same thing from the same owner, a judgment in detinue against one of them, without satisfaction, would bar a suit against another of them either for the detention or the conversion of the same thing. If, as we presume should not now be controverted, a judgment against one of

several persons who were severally and jointly liable by contract, or for assault and battery, would not extinguish the same plaintiff's legal cause of action against any one of the others whom he might, in the first instance, have sued, there can be no consistent reason for making a judgment in detinue a bar to another action of detinue or trover against another defendant for the same cause of action; or rather, for the detention or the conversion of the same property from the same owner. Why, in such a case, should a mere judgment against one exonerate another? He cannot plead that the plaintiff has been satisfied; nor that his cause of action, once perfect against himself, has been extinguished by a judgment, without satisfaction, against another person. Nor could he, like the defendant in that judgment, object that the second suit was vexatious, as it was the first and only one against himself.''

The testimony of Rockwell and Charles, deceased witnesses, given in the replevin suit, was properly received.

''The admissibility of this evidence seems to turn rather on the right to cross-examine than upon the precise nominal identity of the parties   *   *   * and though the trial were not between the parties, yet if the second trial is between those who represent the parties to the first, by privity in blood, in law or in estate, the evidence is admissible.'' 1 Greenleaf on Evidence, § 164.

The record shows that the testimony of these witnesses as contained in the bill of exceptions in the trial of the replevin suit was read. We must presume that it was correctly read and that the bill of exceptions was properly authenticated.

The instruction given by the court was correct. ''The general rule of damages in actions of this kind when the plaintiff recovers judgment for the value

at the time of the taking, is legal interest on such valuation from the date of the taking to the date of trial."—*Johnson v. Bailey,* 17 Colo., 59.

For the reasons given, the judgment is affirmed.

*Affirmed.*