Karolina Hodur and Joe Krafczyk, Appellants, v. Robert M. Cutting and T. T. Bartelme, Trustees of the Chicago Acceptance Company, a Trustee, Appellees.

Gen. No. 32,163.

Opinion filed February 27, 1928.

F. D. Shobe, for appellants.

Cutting, Moore & Sidley, for appellees; Charles S. Cutting and John Paulding Brown, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiffs brought an action against the defendants to recover the value of an automobile truck which it alleged the defendants wrongfully and maliciously took from the plaintiffs and converted to their own use. The value of the truck was alleged to be $2,000. The defendants filed an affidavit of merits, denying that they took and converted the truck. Afterwards the facts were stipulated and the cause submitted to the court without a jury. The court found the issues against the plaintiffs, judgment was entered on the finding and plaintiffs appeal.

So far as it is necessary to state them, the facts as stipulated are: That on January 28, 1925, the National Transit Company owned the truck in question and on that day executed its chattel mortgage, to secure its note for $2,065, to the Chicago Truck Sales Company, a corporation. On the same day the chattel mortgage and note were assigned to defendants. The note stated on its face that it was secured by a chattel mortgage. Afterwards, the date not appearing, the National Transit Company, the mortgagor, sold the truck to Frank Krafczyk, without the written consent of the owners of the note and mortgage. During the summer of 1925 the National Transit Company, the mortgagor, was forced into the hands of a receiver. The defendants then demanded the truck from Frank Krafczyk, who was in possession of it, but he refused

to deliver it, but on the contrary concealed it from defendants. His refusal to deliver the truck was based on the ground that he had paid the National Transit Company the full value of the truck. On October 26, 1925, the defendants in the case at bar began a replevin suit against Frank Krafczyk for the possession of the truck, but the bailiff of the municipal court was not able to find the truck and the writ was returned "served on the defendant but property not found." Thereupon, by leave of court, a count in trover was added and afterwards Frank Krafczyk was defaulted and on December 22, 1925, a judgment was entered against him and in favor of the plaintiffs in that case (defendants in the instant case) for $2,000. No part of that judgment has been paid, although the plaintiffs in that case caused to be issued two writs of *capias ad satisfaciendum* which were placed in the hands of the bailiffs for service. Six days after the trover judgment had been entered as above mentioned, Frank Krafczyk sold the truck to plaintiffs for $1,700, that being the amount plaintiffs had loaned him when he purchased the truck from the National Transit Company. Plaintiffs were given a bill of sale for the truck by Frank Krafczyk, which was duly recorded in the recorder's office of Cook county on February 24, 1926. On May 3, 1926, the defendants learned that the truck was in the possession of the plaintiff Joe Krafczyk and took it by force under their chattel mortgage. Two days later, on May 5th, they notified Frank Krafczyk that the truck would be sold at foreclosure under the chattel mortgage. Before the sale took place plaintiffs obtained the truck from the defendants on a writ of replevin in a suit brought by them against the defendants. That suit was afterwards dismissed because the plaintiffs in that case failed to file a statement of claim within three days from the date the suit was started, as required by the Municipal Court Act, Cahill's St. ch. 37, ¶ 389 *et seq.* A writ of *retorno hab-*

*endo* was issued in favor of the defendants and afterwards plaintiffs returned the truck to the defendants. Plaintiffs then brought the instant case. It further appears that the note given to the Transit Company, the payment of which was secured by the chattel mortgage above mentioned, was payable in 12 equal instalments, and that before the truck was seized under the chattel mortgage above stated there was a default in one or more of the payments. It was further stipulated that the plaintiffs would "rely wholly upon the fact that the defendants obtained judgment in trover under the facts hereinbefore stated against the said Frank Krafczyk" and by the other facts as shown by the stipulation, plaintiffs contended that defendants had abandoned, waived, forfeited or otherwise lost any lien which they had by virtue of the chattel mortgage.

A careful reading of the briefs filed by counsel for plaintiffs discloses that plaintiffs' contention is that although Frank Krafczyk obtained no title to the truck when he bought it from the National Transit Company, yet he obtained title to it when the defendants in the instant case obtained judgment against him for $2,000 in the trover action which they brought against him. In this connection counsel say, "Hence, up to the time a judgment in trover was rendered against Frank Krafczyk, he had no title. But who would say that he did not thereupon become possessed of a title which he could pass on to these appellants (plaintiffs)? Could not the truck have been levied upon to satisfy the judgment and if so, would it not have to be his property before it could be levied upon? What fiction of law says that a plaintiff may have judgment for the value of the property and have possession of it too?" And again he says that plaintiffs, by bringing the action of trover, took "the fatal step of saying that the property now belongs to the defendant and ask for a judgment for its value and then still be allowed later to claim that by some miraculous provision of the law,

the title has flashed back again into the plaintiff and that he may have possession of the property also."

A great deal is said in the argument as to the several remedies a mortgagee has; that he may enter judgment on the mortgage note, foreclose the mortgage, bring replevin, etc., and may pursue these concurrently. But plaintiff says that the mortgagee cannot also maintain an action of trover. In *Barchard v. Kohn*, 157 Ill. 579, the court said (p. 586): "We have also held, that a chattel mortgage is a conditional sale; that, when there is default in the performance of the condition, the title of the mortgagor vests in the mortgagee; and that the mortgagee, upon default or condition broken, being invested with the legal title, may bring replevin, or trover, or reduce the property to possession, and proceed to sell under the power in the mortgage. * * * But even in this class of remedies the inconsistency, relied upon as the basis of the theory of waiver, is more seeming than real." But we think it would serve no purpose to discuss this proposition further because we are clearly of the opinion that the title to the truck did not vest in Frank Krafczyk by reason of the fact that the plaintiffs (defendants here) in the action of trover against him recovered a judgment against him for the value of the car, because we are clearly of the opinion that in an action of trover or for conversion, where plaintiffs have a judgment, the title to the personal property does not vest in the defendant until he has paid the judgment. 38 Cyc. 2112; 28 Am. & Eng. Encyc. of Law (2nd Ed.) 738; *Lovejoy v. Murray,* 70 U. S. (3 Wall.) 129; *Moss v. Marks,* 70 Neb. 701; *Atwater v. Tupper,* 45 Conn. 144; *Cramer v. Brownell,* 166 App. Div. 456, 151 N. Y. S. 1001; *Russell v. McCall,* 141 N. Y. 437; *John A. Tolman Co. v. Waite,* 119 Mich. 341.

In 38 Cyc. 2112, it is said: "In several jurisdictions title to property involved in an action for conversion is held to be transferred to defendant by the entry of

judgment in plaintiff's favor. But the prevailing doctrine is that title is vested in defendant only upon the full satisfaction of the judgment.'' To the same effect is 28 Am. & Eng. Encyc. of Law (2nd Ed.), 738, where the rule is stated as follows: ''There is conflict in the decisions with regard to the effect of a recovery in trover upon the title to the chattels converted. In the earlier cases the general rule was announced that a recovery in trover for the value of chattels converted vested of itself the title of the plaintiff in the defendant, without regard to a satisfaction of the judgment. In the later decisions, however, the rule, now generally recognized as the better doctrine, is that the mere recovery of judgment in trover does not vest in the defendant the title of the plaintiff, but the title is divested from the plaintiff and vested in the defendant only by a satisfaction of the judgment.'' And in a very able opinion in the case of *Lovejoy v. Murray, supra,* rendered by Mr. Justice Miller of the Supreme Court of the United States, he reaches the conclusion announced in the authorities just quoted. He there says, quoting from Lord Ellenborough, in *Drake v. Mitchell,* 3 East 258: ''A judgment recovered in any form of action, is still but a security for the original cause of action, until it be made productive in satisfaction to the party; and, therefore, till then, it cannot operate to change any other collateral concurrent remedy which the party may have.'' The court then analyzes a great many authorities which hold that in an action of trespass or trover the title does not pass until the judgment is paid, and continuing the court says (p. 133): ''If we turn from this examination of adjudged cases, which largely preponderate in favor of the doctrine that a judgment without satisfaction is no bar, to look at the question in the light of reason, that doctrine commends itself to us still more strongly. The whole theory of the opposite view is based upon technical, artificial and unsatisfactory reasoning. * * *

"In reference to the doctrine that the judgment alone vests the title of the property converted, in the defendant, we have seen that it is not sustained by the weight of authority in this country. It is equally incapable of being maintained on principle.

"The property which was mine has been taken from me by fraud or violence. In order to procure redress, I must sue the wrong doer in a court of law. But, instead of getting justice or remedy, I am told that the very act of obtaining a judgment—a decision that I am entitled to the relief I ask—the property which before was mine, has become that of the man who did me the wrong. In other words, the law, without having given me satisfaction for my wrong, takes from me that which was mine, and gives it to the wrong doer. It is sufficient to state the proposition to show its injustice."

And in *Moss v. Marks,* 70 Neb. 701, the court said (p. 704): "Indeed, it has been repeatedly held that judgment for plaintiff in trespass or trover, without satisfaction, will not pass the title of the property involved to the defendant. *Lovejoy v. Murray,* 3 Wall. (U. S.) 1, 18 L. Ed. 129; *Elliott v. Hayden,* 104 Mass. 180; *Bell v. Perry,* 43 Iowa 368. This is said to be the accepted doctrine in this country. Cooley on Torts, 458. When the owner has elected to waive the tort and sue upon an implied contract to pay for the chattels, the rule is different. In 7 Enc. of Pl. & Pr. p. 370, it is said, speaking of assumpsit in such cases: 'As the theory of it is a transfer of title to the converted property from the owner to the wrongdoer or his vendee, it is the opposite of the theory upon which are predicated the remedies of trespass, trover, and replevin, which is that of continued title in the injured party.' "

In passing upon the same question the Supreme Court of Connecticut in *Atwater v. Tupper,* 45 Conn. 144, says (p. 148): "But we have no occasion to discuss this point, as we are satisfied that the better rule

is that the title changes when the judgment is satisfied. The change of title is by operation of law; and the law will not deprive one of his property without his consent until he receives compensation."

As stated in the *Moss* case, *supra,* where a person brings an action of trover, it is on the theory that he has title to the property and under the authorities above cited the title to a chattel does not pass by operation of law to the defendant in trover until the defendant has satisfied the judgment. So in the instant case, since Frank Krafczyk has satisfied no part of the judgment rendered in the trover action against him, the title to the automobile truck did not pass to him but continued to be in the plaintiffs in that case (defendants here). And since Frank Krafczyk had no title to the property, none passed by the attempted transfer of the truck to the plaintiffs in the instant case. Plaintiffs, therefore, having no title or right of possession in the truck, cannot maintain the instant case, which is an action for conversion.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.