### SMITH vs. COOLBAUGH.

It is not usual to grant a stay of proceedings on the application of the plaintiff, to enable him to perfect in another suit subsequently commenced by him his cause of action in the suit in which such application is made.

In replevin by the second mortgagee of chattels against the first mortgagee, who has taken possession after default in payment of his mortgage debt, *quære* whether the plaintiff would be entitled, in any case, to a stay of proceedings until the court should determine a subsequent pending action by him against the same defendant, to establish his right to redeem.

But if the plaintiff's affidavit for such stay does not show that the second mortgage debt was due and default made therein, or that he was entitled by the conditions

of the mortgage to take possession before the debt became due, it clearly does not show any right in him to the possession of the property as against the prior mortgagee in possession, who has also purchased the equity of redemption; and in such a case his motion must be denied.

Where the defendant in replevin claims in his answer a return of the property (of which the plaintiff has obtained possession under the statute), he cannot have judgment for the value only, under sec. 31, ch. 132, R. S. This case distinguished from *Pratt v. Donovan,* 10 Wis., 378; *Farmers' L. & T. Co. v. Com. Bk. of Racine,* 15 id., 424; *Morrison v. Austin,* 14 id., 601.

APPEAL from the County Court of *Winnebago* County.

Replevin, commenced in a justice's court, October 23, 1862. The plaintiff obtained possession of the property in dispute, under the statute. The defendant in his answer claims the property under a chattel mortgage from one Blake; alleges default in payment of the mortgage debt, and also that he has purchased the property and right of redemption from the mortgagor; and demands judgment "that said property may be returned to him, and that he recover from the plaintiff the sum of fifty dollars for his damages for the taking and detention of the same by the plaintiff, together with his costs in this action." The justice nonsuited the plaintiff, found the value of the property to be $50, and ordered the same to be delivered to the defendant. The plaintiff appealed to the county court; and there moved for a stay of proceedings until an action pending in said court, commenced by him against the same defendant subsequently to the commencement of this action, should be determined. In this second action, plaintiff, as second mortgagee of the property here in dispute, sought a judgment that he have leave to redeem said property from the lien of the defendant's prior mortgage, alleging that he had tendered to defendant, October 23, 1862, the amount then due on said mortgage, and that he had also paid into court the amount so due, being about $15. The application for a stay of proceedings was denied. When the present cause was called for trial, the plaintiff, offering no evidence, was nonsuited. His counsel then admitted "that the value of the property in question was $95, and that the interest on that sum from the com-

mencement of the action was the measure of damages for the detention of the property." The judge found found the facts thus admitted, and held that the defendant was entitled to a judgment for the return of said property, or the value thereof, and for damages for its detention ; and that, having waived a judgment for the return, he was entitled to a judgment for the value, &c. Judgment accordingly ; from which, and from the order denying a stay of proceedings, the plaintiff appealed.

Other facts necessary for an understanding of the decision are stated in the opinion of the court.

*Whittemore & Weisbrod*, for appellant :

1. If this court should hold that the same rule which governs in New York in regard to mortgages of real estate (*Farmers' Fire Ins. & Loan Co. v. Edwards*, 26 Wend., 541 ; *Jackson v. Crafts*, 18 Johns., 110 ; 21 Wend., 467 ; *Kortright v. Cady*, 21 N. Y., 343), and in respect to *pledges* of personal property (2 Caines' Cases, 200 ; *Brown v. Bement*, 8 Johns., 96), is applicable to chattel mortgages, then the effect of the tender in this case was to discharge the property described in the complaint from the lien of the *Coolbaugh* mortgage, and the plaintiff could recover in the replevin suit without the aid of a court of equity, and the court below did not err in refusing a stay of proceedings. But if this court should follow the N. Y. rule as to chattel mortgages, laid down in *Patchin v. Pierce*, 12 Wend., 63, (viz., that tender of the money after forfeiture does not operate to reinvest the title of the property in the mortgagor, so as to enable him to recover at law), then the appellant could not prevail in the replevin suit before he had compelled a redemption of the *Coolbaugh* mortgage by the aid of equity. By the tender he had acquired an equitable right to the possession of the property as against the defendant; and he had the legal right as against every other person. By commencing his action of replevin he secured the property from being lost or wasted, and then commenced his action for redemption, and asked the court to protect him in his possession until the lat-

ter action should be determined ; and the court erred in denying this relief. 2. Counsel argued that after the defendant had taken an order for a nonsuit, he was not entitled to any judgment except one dismissing the complaint. 3. The finding of the court does not pass upon any issue except the value of the property and the amount of damages. But the judgment undertakes to determine the ownership and the right of possession. Such a judgment cannot stand. *Smith v. Phelps,* 7 Wis., 211 ; *Wallace v. Hilliard,* id., 627 ; *Everit v. Walworth Co. Bk.,* 13 id., 419. 4. The judgment should be in the alternative, for a return of the property, or the value thereof in case, &c. R. S., ch. 132, sec. 31 ; *Morrison v. Austin,* 14 Wis., 604.

*C. Coolbaugh, contra,* contended that the order denying a stay of proceedings was not appealable under sec. 10, ch. 264, Laws of 1860, and cited *Rahn v. Gunnison,* 12 Wis., 528 ; *Fairchild v. Dean,* 13 id., 329 ; *Moore v. Cord,* id., 413. 2. The stay of proceedings was a matter within the discretion of the circuit judge, and this court will not interfere unless that discretion has been abused. *Fairchild v. Dean, supra ; Russell v. Conn,* 20 N. Y., 81 ; *Seeley v. Chittenden,* 10 Barb., 303. 3. The action can not be maintained where, as in this case, the cause of action is not complete before the suit is commenced. The tender alleged by plaintiff did not reinvest the property either in him or Blake. *Brown v. Bement,* 8 Johns., 96 ; *Patchin v. Pierce,* 12 Wend., 61 ; *Charter v. Stevens,* 3 Denio, 33 ; *Flanders v. Thomas,* 12 Wis., 410. As to the form of the *judgment,* counsel argued that it was authorized by the facts admitted, and the statute. The plaintiff gave his bond and retains the property under sec. 4, ch. 112, Laws of 1859 ; and it seems clear that the intention of the legislature was, that in such cases the final judgment in the appellate court should be for the value of the property, and not for its return, the condition of the bond being that the appellant will *pay the judgment,* &c.

*By the Court,* COLE, J. The application for a stay of pro-
ceedings was properly denied. The practice would seem to be
a little anomalous for a plaintiff to ask a stay of proceedings
in a suit commenced by him, until some subsequent one was
determined which had been instituted to perfect his cause of
action in the first. But, waiving this point, we think the stay
was properly denied for this further reason. The affidavit up-
on which the motion was founded states, it is true, that the
appellant is the owner of the property in controversy, by vir-
tue of a chattel mortgage executed subsequent to the one un-
der which the respondent claims; but it fails to show what we
deem a very material and essential fact, namely, that the debt
is due to secure which his mortgage was given, or that he was
entitled by the conditions of the mortgage to take possession
of the property before the debt became due.. Whether, under
the circumstances, a stay should have been allowed had the
affidavit shown that the appellant was entitled to the possess-
ion of the property, is a point we need not decide. Assuming
that he would, we think, in order to entitle him to this stay,
he ought at least to show that he had a right to the immediate
possession of the property on discharging the first mortgage.
This is a contest between the first and second mortgagees of
the same personal property. The respondent states in the no-
tice annexed to his answer, not only that he holds the proper-
ty as first mortgagee, but likewise that he has bought the in-
terest of the mortgagor. Now, although the appellant may
have a lien upon the property for the payment of his debt, yet
it does not follow that he is entitled to the possession of the
property, unless his debt is due; or that he has the right, by
virtue of his mortgage, to take the property into his possess-
sion as against the mortgagor or the owner of the equity of re-
demption. Hence he was not entitled to the relief asked in
his motion.

The judgment, however, is erroneous, because it is not in
the alternative, for a return of the property, or the value there-

of in case a return could not be had, as required by the statute. Sec. 31, chap. 132, R. S. The respondent insists that he had the right to waive a return and take judgment for the value, and cites in support of this position the cases of *Pratt v. Donovan*, 10 Wis., 378, and *Morrison v. Austin*, 14 id., 601. In *Pratt v. Donovan* the defendant did not claim a return of the property in his answer, as he has in effect done in this case, and therefore the court held that he might waive the return and take judgment for the value only. See *Farmers' Loan and Trust Co. v. Commercial Bank of Racine*, 15 Wis., 424. In *Morrison v. Austin* the defendant only took judgment for a return of the property, when he was entitled to a further judgment for the value. The court held that the plaintiff was not prejudiced by such a judgment, and had no ground of complaint because his opponent had taken less than the law allowed him.

It will be seen, therefore, that this case is distinguishable from those cited. It is impossible to say that the judgment in this case operated to the benefit of the appellant. Indeed, it might be greatly to his injury to pay for the property instead of returning it. And as the statute requires the judgment to be in the alternative when the defendant claims a return, the plaintiff has an undoubted right to insist that the judgment shall be in that form.

The judgment of the county court is reversed, and a new trial awarded.