## JAMES H. NOUNNAN, *Respondent, v.* ALEX-ANDER TOPONCE, *Appellant.*

SETTING ASIDE DEFAULT.—Upon a motion to set aside default and judgment, the affidavit showed that the Defendant could not read writing; that when the summons and complaint were served upon him, he consulted his friend and business partner as to what was necessary to be done, and being incor‑ rectly informed let the case go by default; that the Defendant had a good defense to the action, and produced an answer that he desired to file.

HELD.—That the default should be set aside, and·the judgment vacated. (See 16 Cal. 377; 23 Cal. 128; 29 Cal. 422; 34 Cal. 72; 20 Cal. 37; 33 Cal. 323; 2 Cal. 248; 9 Cal. 130; 4 Nev. 171; 49 Cal. 101; 41 Cal. 21).

QUERE ?—Whether the objection that there was no legal or valid service of the summons upon the Defendant could be raised on appeal from the judgment, notwithstanding it was waived upon the motion to set aside the judgment, dis‑ cussed but not decided. (Lyman *v.* Milton, 44 Cal. 631; 8 Cal. 339).

ENTERING JUDGMENT A MINISTERIAL ACT.—In entering a judgment by default the Clerk acts ministerially and not judicially. (Gray *v.* Palmer, 28 Cal. 416. Wallace *v.* Eldridge, 27 Cal. 495; 28 Cal. 212. Wilson *v.* Cleave‑ land, 30 Cal. 192. Kelly *v.* Van Austin, 17 Cal. 564).

JUDGMENT IN AN ACTION FOR DAMAGES, HOW ENTERED.—Where an action sounds in tort, and the complaint does not furnish the measure of damages, but leaves the question open for proof, the Clerk of the Court cannot enter a judgment by default, and a judgment so entered is a nullity. (Hartman *v.* Williams, 4 Cal. 252; Touolumne Redemption Co. *v.* Patterson, 18 Cal. 416; Kittridge *v.* Stevens, 16 Cal. 381; 32 Cal. 634).

APPEAL from the Third Judicial District.

The Respondent brought his action in the Third District Court to recover the value of his interest in a certain lot of Railroad ties, of which the Appellant and he were joint owners, alleging that Appellant had sold the ties and used the money. After due personal service, the time for answering having expired, the Respondent took judgment in the Clerk's office by default.

To set aside judgment by default and for leave to answer, the Appellant filed his motion in the Court below; which motion, after argument by Counsel and consideration by the Court, was overruled. To reverse the action of the Court below this appeal is taken.

*Hempstead & Kirkpatrick* for Appellant.

*J. C. Hemingray* for Respondent.

EMERSON, J., delivered the opinion of the Court :

Error is assigned in this case upon five grounds, namely :

First. The Court erred in overruling Defendant's motion to set aside said judgment and the proceedings thereunder, and open said default.

Second. There was no legal or valid service of the summons upon the Defendant in said action.

Third. Said default and judgment were entered in vacation by the Clerk without authority of law.

Fourth. Because the Court had no jurisdiction to render judgment in said action, the same being solely cognizable in equity.

Fifth. Because the evidence on said motion established a case of mistake inadvertence and excusable neglect on the part of Defendant, and a meritorious defence,

The facts set forth upon which the application wa. based do not show any neglect, excusable or otherwises on the part of the Appellant; it was a misunderstanding or mistake as to what was required of him. They do show, however, the very contrary of any negligence on the part of the Appellant after being informed of the state of the case, and the real nature of the proceedings against him.

The record discloses that as soon as his mistake was discovered, he was very prompt and persistent in his application to the Court for the relief which I think he ought to have had.

The first and fifth assignments of error have reference to the refusal of the Court to set aside the judgment and default, and to permit the Defendant to answer.

The granting or refusal of applications of this kind is addressed to the sound discretion of the Court, yet its power should be exercised freely and liberally, under the sections of the act permitting this to be done.

The affidavit upon which this motion was based, shows clearly that the default and judgment were taken against the Appellant, by reason of his mistake as to the

nature of the process served upon him. The Appellant can not read writing, and when the summons was served, he called upon his friend and former business partner to explain its nature and effect. The information he then received was incorrect, and very naturally, under the circumstances detailed in the affidavit, led him to believe that there was no necessity for his action in the matter.

The whole conduct of the Appellant, in reference to this matter, as evidenced by the record, shows that he acted in the utmost good faith, and perfectly consistent with the representations made, and upon which the motions is based. His affidavit shows that he has a meritorious defence, and his application was accompanied by the answer which he proposed to fill in the case.

The answer contains matter, which if established upon trial would be a complete defence upon the merits, to the case made in the complaint.

The further good faith of the Appellant is shown in the fact, which appears in the record, that at the hearing of the application he proposed to waive, and did waive, what he and his Counsel believed to be a valid objection to the service of the summons, thus showing that his only desire was to go to trial upon the merits of the case.

While I would not ordinarily consent to interfere where the Court below has only exercised its discretionary power, I am satisfied that to refuse to do so in this case would result in a manner to impede or defeat the ends of substantial justice. I think the case presented to the Court below, was such an one as called for its equitable interposition, such an interposition as is contemplated by the act, and that the application should have been granted.

The conclusion to which I have come in reference to the first and fifth assignments of error, renders it unnecessary to enter into any extended examination of the other points raised in the record.

So far as the second assignment is concerned, I am not prepared to say, but that the objection could be raised upon the appeal from the judgment, notwithstand-

ing it was waived upon the motion to set aside the judgment and open the default. I understand that the obligation was waived after the judgment was taken by default for want of an appearance and answer, and for the purposes of the motion to set aside the judgment and default, and for that only.

As the Appellant was not allowed to appear, there was no waiver on his part of any irregularity in the service of the summons, if there was any, by an appearance.

I have very grave doubts of there being any validity in the objection itself. And as it will make no difference in the final determination of this case what my views are in regard to this point, I decline to express any opinion in regard to it, preferring to consider it in some case, if such an one shall arise, where it is a material point in the decision of the case.

Its determination would require an examination into the whole doctrine of *de facto* officers, and I prefer that it should be after a more elaborate argument than was made in this case, upon that point.

The third assignment of error denies the right of the Clerk to enter judgment on default in vacation. I am clearly of the opinion that in cases coming under the first subdivision of section 151 of the Practice Act, and where it does not require the proof of any fact, this may be done.

It has been so held in States where the whole judicial power is conferred upon the Courts in their fundamental law, and certainly the Organic Act of the Territory can not be, in this respect, a more sacred instrument than a State Constitution. That is to say, a State Legislature is as much restrained from conferring this power upon the Clerk, under a State Constitution conferring all judicial power upon the Courts, as the Territorial Legislature is under the Organic Act.

The weight of authority is that in doing this the Clerk acts ministerially and not judicially.

I am also clearly of the opinion, that the case made by the complaint is not one in which the Clerk would be

authorized to enter up judgment on default in vacation.

The action sounds in tort.    It is for the conversion of certain railroad ties.    The contract set up in the complaint does not furnish the measure of damages.    The market value of the ties at the time of their conversion is the true measure of the Plaintiff's damages.    The price for which they were sold is only evidence tending to show what that was.    It required proof to establish what the market value was, and fix the amount for which the Plaintiff could recover.    The Clerk had no power to take this proof.    The judgment is therefor a nullity, but as it encumbers the record, the Appellant has a right to have it removed.

If the Plaintiff recovers at all he is entitled to interest from the date of the conversion only, and as neither the complaint nor summons specifies the time from which interest is demanded, the Clerk could not enter judgment on default for the interest, as it would require proof to fix the time from which it should be reckoned.    If the judgment were otherwise valid, however, this would simply be an error which could be corrected by this Court on appeal.

The record discloses that the Clerk entered judgment for the costs at a specified amount, but it does not show that the Plaintiff filed the necessary sworn memoranda which would entitle him to have a specified amount of costs entered up.

Whatever view may be taken of this case under recent discussion, there certainly can be no merit in the fourth assignment of error.

The judgment of the Court below in refusing to set aside the judgment and default, is reversed, and the judgment and default are set aside.    The Appellant to be permitted to file his answer to the complaint, upon the payment by him of the taxable costs of the Plaintiff, up to, and including, the judgment by default.

*Provided,* That within two days after notice served upon the Attorney for the Respondent, of the filing of the remittiter from this Court, with the Clerk of the Third

District Court, the Respondent or his Attorney file with said Clerk of the Third District Court a sworn memoranda of the costs in that Court up to and including the judgment by default; if no such memoranda is filed within the time mentioned then the Appellant to have permission to file his answer. The Appellant to recover the costs of this appeal.

McKEAN, C. J., and BOREMAN, J., concurred.