Klœty vs. Delles.

RYAN, C. J., took no part.

KLŒTY VS. DELLES.

REPLEVIN: MORTGAGOR AND MORTGAGEE OF CHATTELS: ESTOPPEL: JUDGMENT. *(1) When husband estopped from denying wife's title to chattels. (3) Replevin against mortgagee: when amount of mortgage debt immaterial. (4) When defendant in replevin entitled to judgment for value. (5) Judgment for value against surety.*
WAIVER: *(2) Of objection to evidence.*

1. After a wife had brought suit for divorce, the parties became reconciled, and entered into an agreement under seal, by which, among other things, the husband, in terms, sold and conveyed to the wife certain chattels. Shortly afterwards the wife applied to T., the same attorney who had brought the former suit, to commence another suit for divorce, and executed to him a mortgage of said chattels to secure him for services to be rendered or liabilities incurred by him in prosecuting for her said divorce suit and other actions. After some litigation, the parties were again reconciled; and afterwards, in default of payment for T.'s services, defendant, as T.'s agent, took possession of the mortgaged property. In replevin therefor by the husband: *Held*, that whether or not, as between himself and his wife, the title had been transferred to the wife, plaintiff was *estopped* as against T. from denying title in her.

2. The objection that facts necessary to sustain a verdict and judgment were established only by secondary evidence (as the existence and contents of a mortgage by testimony of the mortgagee), cannot be first taken in the appellate court.

3. In replevin against one representing the mortgagee, by one not claiming under the mortgagor, the question *how much* is due on the mortgage debt is immaterial.

4. Where plaintiff in replevin gets possession under the statute, and defendant by his answer does not claim a return of the property, the latter, if he prevails, is entitled to judgment for the *value* of the property, or of his special interest therein. *F. L. & T. Co. v. Com. Bank*, 15 Wis., 424; *Timp v. Dockham*, 32 id., 146.

5. The validity of sec. 51, ch. 140, R. S. 1858, which authorizes judgment for the value to be taken, not only against plaintiff but against his *surety*, in such actions, is settled by *Pratt v. Donovan*, 14 Wis., 378.

APPEAL from the Circuit Court for *Sheboygan* County. The action was brought by *Frank J. Klœty* to recover the possession of certain personal property of which he claims to be the owner. On the undertaking required by the statute, in which *Peter Klœty* was surety, the property was delivered by the officer seizing it, to the plaintiff.

The complaint is in the usual form of complaints in like actions. The answer, after a general denial, states the following defense: "That the said personal property, alleged in said complaint to have been taken by this defendant from said plaintiff, was, at the time the same was so taken, owned by and in the possession of Fredericka Klœty, subject to a chattel mortgage for $500 thereon executed on or about the 16th day of October, 1875, to one Eugene S. Turner, by said Fredericka Klœty, to secure the payment to said Turner of that sum; that this defendant, as the agent of said Turner to collect said sum, or so much thereof as should be then due thereon, and by virtue of said mortgage, at the time mentioned in said complaint, to wit, on or about the 10th day of December, 1875, did seize and take possession and control of said horses therein named, said wheat therein named, and about six tons only of hay, and all not exceeding in value $350."

It appeared on the trial that Fredericka Klœty, the mortgagor named in the answer, is the wife of the plaintiff; and that Mr. Turner, the mortgagee, had commenced and was prosecuting an action for her against her husband for a divorce, when the parties became reconciled to each other and entered into a written agreement under seal, containing several stipulations. In that agreement, the plaintiff, in terms, sold, transferred and conveyed to his wife the property in controversy in this action. Two months later, Mrs. Klœty applied to Mr. Turner to commence another suit for a divorce, and executed to him the mortgage mentioned in the answer, on the property thus conveyed to her by her husband. The mortgage

was given to secure Mr. Turner for any services he should render, or liabilities he might incur, in prosecuting the divorce suit and other actions in which she was interested. Mr. Turner was almost constantly engaged for her in those actions for about two months, and incurred liabilities therein for her, when another reconciliation took place, and the litigation ceased. He then directed the defendant to seize the mortgaged property by virtue of the mortgage, in order to obtain payment for his services thus rendered, and for expenses paid and incurred in and about her litigation. The defendant thereupon took possession of the property, which is the taking complained of in this action.

The cause was tried by the court without a jury, and the facts above stated were proven on the trial. The court found as facts that the allegations of the complaint were not proven; that plaintiff was not entitled to the possession of the property, either at the time of the taking or at the time of such finding; and that the value of the property was $269. As a conclusion of law, the court held that defendant was entitled to the immediate possession of such property; and, he having failed to claim a return thereof in his answer and having waived such return in open court, judgment was rendered against the plaintiff and his surety, for the value of the property as found, and costs. Both the plaintiff and the surety appealed from the judgment.

For the appellant, there was a brief by *Foster & Coe*, and oral argument by *Mr. Foster*. They argued the following with other points: 1. The answer alleges no right to a return of the property. Judgment for relief to the defendant depends upon such right. *Farmers' L. & T. Co. v. Com. Bank*, 15 Wis., 424. *It does not even allege a right to the possession; nor does it ask any relief.* In replevin, when defendant seeks relief, he becomes plaintiff, and his answer must have the qualities of a complaint. Selwyn's N. P., 1203; 3 Chitty's Pl., 1047. In every complaint for a money judgment, the amount demanded must be stated. R. S. 1858, ch. 125, sec. 3. 2. Defendant claims that Mrs. Klœty acquired title through a

contract of sale from her husband; but it does not appear that she had any separate property. A wife not having separate estate cannot acquire title by purchase from her husband or anybody else. *Carpenter v. Tatro*, 36 Wis., 297; *Bogert v. Gulick*, 65 Barb., 322; *Calkins v. Long*, 22 id., 97; *White v. Wager*, 25 N. Y., 329; 1 Bishop on M. W., §§ 36, 64, 66, 87, 88, 91, 206, 211. 3. It is not alleged or found that anything has been earned under the mortgage, nor does it appear what amount is due thereon. A mortgagee cannot recover in this action any more than the amount due on his mortgage. *Wolfley v. Rising*, 12 Kans., 535. 4. The finding warranted no judgment. (a.) In replevin, the finding or verdict must find as to *title*. *Warner v. Hunt*, 30 Wis., 200, and authorities there cited; *Smith v. Lewis*, 20 id., 350; *Demming v. Weston*, 15 id., 236; *Bates v. Wilbur*, 10 id., 415; *Heeron v. Beckwith*, 1 id., 17; *Van Namee v. Bradley*, 69 Ill., 299; *Van Baalen v. Dean*, 27 Mich., 104; *Wolfley v. Rising*, *supra*. (b.) There is no finding that the defendant is entitled to a return of the property; and therefore no judgment for relief can be rendered in his favor. *Farmers' L. & T. Co. v. Com. Bank*, *supra*. 5. Defendant in replevin is not in any case entitled to an absolute judgment for the value of the property, but only to a judgment in the alternative — for a return of the property, or its value in case a return cannot be had. In support of this view, counsel contended that, apart from the decisions in *Pratt v. Donovan*, 10 Wis., 387, and *Farmers' L. & T. Co. v. Com. Bank*, 15 id., 424, there never was any system of procedure in this state, which entitled a defendant in replevin either to have a judgment for positive relief without having claimed it in his pleadings, or to claim in such pleadings any such relief other than a return of the property, and damages for its detention; and he criticized those decisions as based upon a misconstruction of the statute, going upon an erroneous or inadequate view of the rights and remedies of the several parties to a replevin suit as they existed before the statute. 6. The judgment being only for the value, no judgment could be taken against *Peter Klœty*, who

was merely a surety for the return, in case a return were awarded. *Ashley v. Peterson*, 25 Wis., 621.

For the respondent, there was a brief signed by *Eugene S. Turner* as his attorney, with *W. J. Turner*, of counsel, and oral argument by *W. J. Turner*. They argued the following among other points: 1. The conveyance of real or personal property by a husband directly to his wife, for a meritorious or valuable consideration, is good in equity, except as against the husband's creditors. *Putnam v. Bicknell*, 18 Wis., 333; 3 Edwards' Ch., 92, and cases cited, and note (a); *Savage v. O'Neil*, 44 N. Y., 298, 302. And though the action is at law, it may be defeated by showing an equitable right in the defendant. *Dobson v. Pearce*, 12 N. Y., 156, 165, 168; Herman on Chat. Mort., 51. 2. Plaintiff is estopped as against the defendant to deny Mrs. Klœty's title. 2 Parsons on Con., 799; 1 Greenl. Ev., § 207; 2 Johns., 573; *Dyer v. Cady*, 20 Conn., 563; *Gove v. White*, 20 Wis., 434. 3. In replevin, where plaintiff has obtained possession of the property, if defendant by his answer has not claimed a return, he may waive a return and take an absolute judgment for the value. *Pratt v. Donovan*, 10 Wis., 378, 387; *Farmers' L. & T. Co. v. Com. Bank*, 15 id., 424; *Morrison v. Austin*, 14 id., 601; *Smith v. Coolbaugh*, 19 id., 106; 20 id., 623; 26 id., 516; 34 id., 82; 38 id., 378, 601.

LYON, J. I. Were it necessary to determine whether, in a controversy between the plaintiff and his wife, the conveyance or transfer by him to her of the property in question is valid, and vested in her the title to such property, the rule of law which would control might readily be found in *Putnam v. Bicknell*, 18 Wis., 333, and in the authorities and cases there cited. But it is not thought necessary to determine that question in this action.

The plaintiff, in form at least, conveyed the property in controversy to his wife. He thereby conferred upon her the apparent evidence that she was the owner, and thus held her out to others as the owner of the property. On the faith of such

conveyance, Mr. Turner (who is the real defendant in interest in this action) undertook the business of Mrs. Klœty, taking security in advance on the property for his services and expenses to be rendered and incurred; and afterwards rendered such services and incurred such expenses for her and in her behalf. Under these circumstances, we think the plaintiff is estopped to deny, as against Mr. Turner (and consequently as against this defendant), that his wife is the owner of the property.

A man cannot be allowed thus to deal with his property to the injury of others. If (as in this case) he executes a formal transfer and conveyance of his property to another, and the transferee, holding the most ample evidence of ownership, obtains on the faith thereof the money or services of a third person and pledges the property as security therefor, it would be most unjust to permit the former to assert that his conveyance is invalid, because made to his wife, and thus deprive the pledgee of his security. It is to prevent just such wrongs that the rule of estoppel is constantly applied and enforced by the courts.

If A holds out to the public that B is his partner or agent, or the owner of certain property, when in fact he is not, and C in good faith deals with B as such, the rule is elementary that, in a controversy between A and C involving the validity of such dealing, A is estopped to deny that B is his partner or agent, or the owner of the property, as the case may be. The present case seems a very proper one for the application of the rule.

But it may be said that Mr. Turner knew the character of the transaction between the plaintiff and his wife, and if the agreement between them is invalid as a conveyance of the property, he is chargeable with notice of the fact; and hence, that he is not a purchaser or mortgagee in good faith. Concede this for the sake of the argument: still we think it must be held that the plaintiff conferred upon his wife ample authority to deal with the property as her own, and cannot be heard in this action to deny such authority.

II. The chattel mortgage described in the answer, by virtue of which the defendant held the property, was not read in evidence, nor was the amount due on the mortgage debt proved. But Mr. Turner testified, without objection, to the execution of the mortgage and the consideration therefor, and that the defendant took possession of the property by his direction in order to obtain payment of the demands it was given to secure. It is entirely immaterial in this action how much is due on the mortgage debt. That question can only arise in a controversy between the parties to the mortgage. In this case it was sufficient to show the existence of the mortgage, and perhaps, also, that some portion of the demand it was given to secure was unpaid. These propositions are established by the proofs; although, had an objection been seasonably made, doubtless the parol testimony of the existence of the mortgage would have been rejected, and the defendant required to produce the instrument itself. The plaintiff, having thus permitted the mortgage to be proved by parol evidence, cannot be heard to object here, for the first time, that the best evidence of the fact was not produced.

III. It remains to determine whether the pleadings and proofs support the judgment for the defendant for the value of the property in controversy. The answer sets up Turner's mortgage interest, and the averment, as we have seen, is supported by the evidence. Had the defendant (who represents Turner) claimed in his answer a return of the property, he would have been entitled to judgment for a return thereof. Not claiming a return of the property, he is entitled to judgment for its value. It was so ruled in *The Farmers' Loan & Trust Co. v. The Commercial Bank*, 15 Wis., 424, which followed and affirmed *Pratt v. Donovan*, 10 id., 378. These cases are to the effect that a defendant in replevin has an option to go for a return of the property or for its value, and he exercises that option when he answers. If in his answer he claims a return, and prevails in the action on grounds which entitle him thereto, the judgment is for a return; but if he does not thus claim a return, and prevails on the same grounds, judg-

ment goes for the value of the property, or, the plaintiff being the general owner and the defendant having only a special interest, for the value of the defendant's interest therein. Indeed, on the authority of *Timp v. Dockham*, 32 Wis., 146, it seems that the same results would follow had the defendant answered a general denial alone.

The question of the right of the defendant to judgment for the value of the property, in a case like this, is so fully discussed in the cases above cited that further discussion here is entirely unnecessary.

IV. Judgment was rendered against the plaintiff's surety in the undertaking to obtain delivery of the property, as well as against the plaintiff. The validity of the statute (R. S., ch. 140, sec. 51) pursuant to which the judgment was so rendered, was affirmed in *Pratt v. Donovan, supra*, and the point must be considered as settled.

We find no error disclosed in the record, and must therefore affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.

