## JOHNSON v. DURNELL, Sheriff, et al.

No. 6068.  Decided September 18, 1939.  (93 P. 2d 914.)

Rehearing Denied, June 5, 1940.

*Roberts & Roberts,* of Salt Lake City, and *Arnold Roylance,* of Springville, for appellants.

*Christenson, Straw & Christenson,* of Provo, for respondent.

LARSON, Justice.

The District Court of Utah County awarded plaintiff a judgment against defendants for conversion and they appeal. The action grew out of the following facts: In May, 1934, one Grant Miner bought from Anderson-Callister, Inc., a truck automobile with steel dump body under a conditional sales agreement retaining title in the seller until payment of the purchase price. This contract with all rights thereunder was by Anderson-Callister, Inc., assigned to the C. I. T. Corporation, one of the appellants herein, hereinafter called the C. I. T. Miner defaulted in his payments and the C. I. T. repossessed the truck, minus the dump body which had been taken off, and then filed suit in replevin against Miner in the City Court of Provo City for the possession of the dump body or its value, fixed at $200. No proceedings in claim and delivery ancillary thereto were attempted. Miner, served with summons, defaulted and in April, 1935, the Clerk of the City Court, upon application of the C. I. T., the plaintiff in that suit, entered a judgment by default against Miner which, so far as material here reads:

"It is ordered, adjudged, and decreed that plaintiff [C. I. T. Corporation] do have and recover from the said defendant the sum of Two Hundred Dollars or for the recovery of possession of said personal property as prayed for in said complaint, with interest thereon at the

rate of eight per cent per annum from date hereof until paid, together with plaintiff's costs and disbursements."

This judgment was signed by the Clerk and entered April 19, 1935. Notice of entry thereof was served upon defendant therein on the 25th of April, 1935. On the 16th of September following the C. I. T. caused an execution to be issued out of the City Court and placed the same in the hands of the Sheriff of Utah County directing him to levy upon and sell enough of the unexempt property of Miner to satisfy the judgment for $207.95, the amount of the judgment, with costs of execution. This execution was returned nulla bona. On September 24th the C. I. T. by affidavit caused an order to issue from the City Court directing Miner to appear before such court on proceedings supplemental to execution for examination touching his property; and at said hearing on October 4, 1935, obtained from the court an order directing Strong and Grant, employers of Miner, to pay to the C. I. T. on the judgment certain moneys due from them to Miner. On March 26, 1936, Miner sold the dump body to Hugh Johnson, plaintiff and respondent in this action, and received $200 therefor. On September 8, 1936, the C. I. T. caused another execution to issue from the City Court upon its judgment against Miner, and under said execution the Sheriff of Utah County, E. G. Durnell, one of the defendants in this action, took the steel dump body from plaintiff in this action. Upon Johnson's making formal demand on the Sheriff for return of the property, the Continental Casualty Company of Indiana, one of the defendants herein, gave to the Sheriff an undertaking to indemnify him against any damages sustained by reason of his refusal to redeliver the property to Johnson. This action in conversion was then brought by Johnson against the C. I. T., the Sheriff and the surety on the undertaking. Plaintiff prevailed in the District Court and Defendants assign error.

The trial court took the view that the C. I. T. had pursued a course which vested title to the body in Miner and

it therefore had no defense to this action. Whether the court was correct in its holding is the question presented on this appeal.

In a conditional sale (or title-retaining contract) the title remains in the seller for his benefit and protection. He retains the title to protect himself against loss if the purchase price is not paid by the buyer. This title retained in him is subject to a defeasance however. If the buyer pays the purchase price the seller's right to assert title is defeated and the title vests by operation of law in the buyer, without further action, in the absence of a positive stipulation in the contract requiring some further act to be done. *Swallow* v. *Emery,* 111 Mass. 355; *Smith* v. *Barber,* 153 Ind. 322, 53 N. E. 1014.

As long as the buyer keeps his obligations under the contract he has the right of possession against the seller or any one claiming under him subsequent to the time the buyer obtained possession. What rights the buyer may have against one claiming through the seller under a contract prior in date to the buyer's possession we do not now indicate. Miner, who bought the truck and signed the conditional sale contract, was entitled to the possession of the truck so long as he kept up his payments, and upon payment in full the title would by operation of law then have vested in him. He did not, however, keep his contract. He defaulted in his payments.

When Miner defaulted in his payments the C. I. T. repossessed the property. It did this affirmatively by taking physical possession as its own of such of the property as it could find, that is, the truck minus the dump body which had been removed from the chassis. It commenced an action in replevin against Miner for the body, alleging it was the owner and entitled to the immediate possession of the body, and prayed for the recovery of possession of the body, or if recovery could not be had for $200, the value thereof. That suit was prosecuted to a judgment and the rights of the parties to this action spring, not from the conditional sale

contract but from that judgment and the proceedings subsequently taken under it by the C. I. T.

That judgment in the replevin siut was, on the *application* of the C. I. T., made, signed and entered by the Clerk of the Court and not by the Court or the Judge thereof. The statute provides that the Clerk may enter judgments for money only and on claims founded upon contract only. All other judgments must be made by the court. R. S. U. 1933, 104-28-1.

The validity of that judgment however is not assailed in this action. There was, and there is now, no exception to the judgment, no motion to set it aside, or for a new trial; and neither the Court below nor this Court has been asked to change, nullify or disregard that judgment. Both the plaintiff and the defendants in this action predicate their rights on that judgment. And neither party can assert rights under the judgment and at the same time say it is invalid. The C. I. T., which had the judgment entered as it was, proceeded under it, collected money thereunder, and even in this action relies thereon and defends and justifies under it, is now in this action estopped from asserting, setting up, or taking advantage of its invalidity. The validity of that judgment has not been raised in this action. Both parties hereto rely upon it. But the parties do construe it differently and give it different effects. Plaintiff, Johnson, contends that it is a simple money judgment; that the Clerk could enter a money judgment but could not enter one for the return of the property, and that the clause with respect to recovery of possession is surplusage. Defendants-appellants contend that they have a judgment for the possession of the property with an incidental right to recover the value if the property is not recovered. Neither position can be maintained. Plaintiff's argument has been answered by the showing already made that the Clerk could enter no judgment for the possession of property. Appellants' position is untenable upon several additional grounds. First, the judgment as entered (upon application of appellant, C. I. T.),

was not for the recovery of the property or its value in case a return be not had, but it was "ordered, adjudged and decreed that the plaintiff do have and recover from the defendant the sum of $200, or for the recovery of possession of said personal property as prayed for in the complaint." Replevin is essentially a possessory action and judgment should always be for the recovery of possession of the property, unless it should affirmatively appear at the time of judgment that a return cannot be had. For the benefit of the plaintiff, it is provided that the judgment be in the alternative, that is, for the value in case a delivery cannot be had. The judgment for the value, being for the benefit of the plaintiff, may be waived by him and he may rely on the recovery of possession only. On the other hand, he cannot waive the provision in the judgment for a return of the property, which is for the benefit of the one detained in good faith and thus compel him who detains in good faith, to become a purchaser. He may relieve himself from the judgment by returning the property if he can do so. *Kunz* v. *Nelson,* 94 Utah 185, 76 P. 2d 577, 115 A. L. R. 1322. But the judgment entered in the City Court did not provide for a money judgment only in the event the property could not be returned. It decreed a money judgment in plain, definite and unambiguous terms. If it be construed as an alternative judgment, it would be one for the return of the property in case the money be not paid. There is no provision for an alternative judgment in that form. But even that would be reading something into the judgment not found there. If the judgment be construed as an alternative one, it must mean that the C. I. T., in whose favor the judgment runs, may take its choice as to treating it as a judgment for the money or for the possession of the property, that is, it would be an optional judgment. It chose to treat it as a judgment for the money value of the dump body. While the judgment in that form could have been assailed by Miner, the defendant therein, as improper, he submitted to such judgment and to such construction of it. Both sides in that suit treated and regard-

ed the judgment entered as a valid one for the value of the property, thereby in effect or impliedly consenting or agreeing that recovery of possession of the property by the C. I. T. could not be had. When in replevin actions it is evident that recovery of possession of the property by the party out of possession cannot be had, judgment may be entered for its value only. *Kunz* v. *Nelson*, supra. Even if judgment should have been in the alternative, failure to so enter it is error which may be corrected by proceedings on appeal. A judgment simply for the return or simply for the value, though irregular, is valid. It cannot be questioned collaterally. It is conclusive so far as it goes and may be enforced by execution. *Kunz* v. *Nelson*, supra; *Hall* v. *Jenness*, 6 Kan. 356; *Marix* v. *Franke*, 9 Kan. 132. The party who takes a judgment either for possession only or for value only and does not complain thereof, and proceeds to enforce the same, is bound thereby as to all parties. When a party takes a judgment for value only, he thereby waives all rights to a judgment for return of the property. He elects to look to the debtor and not to the property. He waives the right to recover possession and all claims of title or interest in the property. He in effect treats his action as for a conversion, and the judgment by operation of law vests title and the right of possession, so far as the parties are concerned, in the judgment debtor. *Marix* v. *Franke*, supra. Certainly, standing on his judgment, he can claim nothing not given by the judgment. One having elected to take a judgment for value only is by that judgment, so long as it is not properly challenged, barred from asserting any other or further rights to the matters litigated therein than are given by his judgment.

For plaintiff to succeed he must show that by virtue of that judgment and the proceedings under it the C. I. T. elected to take a judgment for value only and thereby waived and is therefore estopped from asserting any right to retake the property. Plaintiff was in possession of the property and when appellant, Durnell, took the property from plain-

tiff, he did it under and by virtue of no right except that derived through an execution, issued on that judgment for the collection of money from the judgment debtor, Miner. For the Sheriff, therefore, to now assert there was no judgment to sustain his action is to admit he acted without right, and thereby lay himself liable to the judgment against him. And of course if judgment lies against the Sheriff, it lies also against the surety on the undertaking.

While under our statutes, as above noted, a judgment in replevin should be for the return or delivery of the specific property or for the value thereof in case a return cannot be had, the prevailing party, if out of possession, to be entitled to the benefit of the adjudication of right of possession in him, must pursue the property by a writ of restitution or an execution under the provisions of subdivision (5) of Section 104-37-2, R. S. U. 1933, which reads:

"(5) If it is for the delivery of the possession of real or personal property, it must require the officer to deliver the possession of the same, describing it, to the party entitled thereto, and may at the same time require the officer to satisfy any costs, damages, rents or profits recovered by the same judgment out of the personal property of the person against whom it was rendered, and the value of the property for which the judgment was rendered, to be specified therein, if a delivery thereof cannot be had; and if sufficient personal property cannot be found, then out of the real property as provided in the first subdivision of this section."

The execution under which the Sheriff took the dump body from Johnson, which act led to the institution of this suit, recited the fact that the C. I. T. had a ■ judgment against Miner

"for the sum of $200 and $7.95 cost of suit with interest * * * until paid, or the possession of the following described property [describing the dump body] * * *.

"These are Therefore to command you to collect the aforesaid judgment and costs * * * and that you levy on and sell enough of the unexempted personal property * * * to satisfy the same, and *in case said judgment cannot be satisfied in the manner aforesaid, to attach*

and take into custody the above described dump body * * * and deliver the possession of the same to the C. I. T." (Italics added.)

This execution is clearly and definitely the reverse of that provided by subdivision (5) of Section 104-37-2, R. S. U. 1933, supra. If the C. I. T. still sought to claim the property, the issuance of both the execution and all proceedings subsequent to the first execution were irregular; and for the purposes of this action at least, the C. I. T. thereby waived whatever rights they may have acquired under the judgment in rem. *Hallagan* v. *Johnston,* 55 Ind. App. 509, 104 N. E. 91.

If the property was attached and levied on under the writ as the property of Miner it should have been advertised and offered for sale in the regular way provided by statute. The proceedings taken here were irregular and unauthorized. The Sheriff had no right or authority to take the body from Johnson, respondent herein, and arbitrarily turn the same over to the C. I. T. The fact that at the suggestion of counsel for the C. I. T., he assumed powers he did not possess, and disposed of property wrongfully seized, in a manner not provided or authorized by statute, must of itself render him and the C. I. T., at whose instance he acted, liable to the person from whom the property was seized for the conversion. The Continental Casualty Company, having undertaken to protect the Sheriff against loss, and the owner of the property against loss or conversion of the property, is likewise liable.

In conclusion it should be noted that nothing herein said is contrary to the general principle that valid and regular judgments in replevin are not satisfied until the property is returned or the value set out in lieu thereof paid, and under such judgments title to the property does not pass to the judgment debtor until the judgment is fully paid and satisfied. *Hodur et al* v. *Cutting,* 248 Ill. App. 145; *Davidhizar* v. *Elgin Forwarding Co.,* 89 Or. 89, 173 P. 893; 15 Ann. Cas. 454; 26 R. C. L. 1157, Sec. 73.

This is a case in which a judgment was invalidly obtained because entered by the Clerk where the Clerk had no power

to enter judgment, but which void judgment the plaintiff in that action is estopped to declare void because it had the judgment entered as it was, stood on it, still stands on it, benefited by it, treated it as good and collected money under it. Such judgment, recognized as binding on it, by estoppel is also to be considered as one in form for money only, and hence as if it were in conversion. The C. I. T. must therefore be considered under the record as having elected to pass title and is estopped to say otherwise. Miner having possession and, as it were, a title by estoppel, could pass such title on to Johnson.

The judgment of the lower court is affirmed. Cost to Respondent.

WOLFE, J., concurs.

PRATT, Justice (concurring).

I concur in affirming the lower Court's decision. I shall treat the judgment erroneously entered in the city court by the clerk as a valid judgment in view of the fact that the parties to the action so treated it before the trial court from which this appeal is taken. By the terms of the contract, title remained with the C. I. T. until the indebtedness was fully paid; but this does not mean that the C. I. T. by its own acts could not divest itself of that title. By the weight of authority in this country, obtaining a judgment for the value of property, wrongfully taken or retained, does not pass title to the wrongdoer. That title does not pass until that judgment is satisfied. *Hodur et al.* v. *Cutting et al.*, 248 Ill. App. 145; *Davidhizar* v. *Elgin Forwarding Co.*, 89 Or. 89, 173 P. 893. See 26 R. C. L. 1157, sec. 73. Annotation, 15 Ann. Cas. 454.

But I do not think this principle should be applied without exceptions. If the owner by his acts has evidenced the intention to look to the judgment debtor or his property for a satisfaction of his judgment, I think we are justified in concluding that he has waived any right he may have had

to claim in addition thereto that the specific property, which is the subject of his suit, is still owned by him. See *Tolman Co.* v. *Waite,* 119 Mich. 341, 78 N. W. 124, 75 Am. St. Rep. 400. Especially is this fair where the rights of innocent third parties are involved.

In the present case, the C. I. T. executed on their judgment, which execution was returned unsatisfied; then under proceedings instituted against Mr. Miner, obtained an order of the court directing him to pay upon the judgment; and finally, with knowledge of the availability of the dump body to seizure by the sheriff, directed the sheriff, upon execution to first try and satisfy the judgment out of the property of Miner before seizing the dump body. These acts were inconsistent with any thought the C. I. T. may have had that the dump body was theirs for the taking.

MOFFAT, Chief Justice (dissenting).

I dissent. The facts are stated in the prevailing opinion.

If the plaintiff, Johnson, were the owner of the truck body levied upon by the sheriff, he is entitled to recover and the judgment should be affirmed.

Under the contract held by the C. I. T., Miner never became the owner of the truck or body. If at the time the C. I. T. took possession of the chassis and failed to get the truck body because it could not be found, under any construction title would not pass to him.

Under the contract title was not to pass to Miner until payment. Under a cancellation or rescission of the contract Miner was in no better position. Title still remained in the C. I. T. Had title passed to Miner, and thence to Johnson no protection could be claimed by the sheriff under the writ of execution whether the judgment in pursuance of which it was issued were valid or void. Manifestly, and under the prevailing opinion it must be conceded the judgment was void. None of the parties can legally base any claim or defense thereon. Had the judgment been entered by the Court

instead of by the Clerk the mere irregularity in its form would not invalidate it.

In this state there is but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs. R. S. U. 1933, 104-1-2. The common law action of conversion or trover is not provided for under our statutes. The action known as claim and delivery approaches a combination of the common law actions of replevin and trover or conversion. The bringing of an action for the recovery of possession of personal property or the value thereof could not by any process of law or reason pass title to the property in question. If such were the case, one would be in a perilous situation to attempt to recover possession. The same would be true if the entry of judgment alone had a like effect. A void judgment leaves the parties where they were, before the judgment was entered.

The statute provides that in an action to recover the possession of personal property, plaintiff may have judgment for the possession of the property or the value thereof in case delivery cannot be had. He may also recover damages for the detention of the property. R. S. U. 1933, 104-30-11.

So whether the judgment is void or valid up to the time of entry there can be no passing of title to the property the subject of the action. The judgment in the instant case is void regardless of what position may be taken in relation thereto. *First National Bank of Coalville* v. *Boley et al.*, 90 Utah 341, 61 P. 2d 621; *Nounnan* v. *Toponce*, 1 Utah 168.

Assuming that there were a valid judgment for the return of the property or the value thereof such a judgment is not a double judgment and the plaintiff may pursue the property or seek satisfaction under an execution for the value thereof and for damages. Even the levying of an execution for the purpose of satisfying the damages element of the judgment or part of the value of the property could not constitute a passing of title until the value thereof and damages were

fully paid. Such a construction would be wanting in due process and would amount to depriving one of title without compensation. The contract provided title should not pass until the agreed purchase price was fully paid. To pass title by the entry of a judgment or issuance of an execution and partial satisfaction of a judgment, even if possession could be had, would render the bringing of such an action precarious. In addition how would stand the title where only part was recovered or only part satisfaction of the money part of the judgment? Am. & Eng. Ann. Cas. Vol. 15, Note p. 454; *Miller* v. *Hyde*, 161 Mass. 472, 37 N. E. 760, 25 L. R. A. 42, 42 Am. St. Rep. 424; *Lovejoy* v. *Murray*, 3 Wall. 1, 11, 18 L. Ed. 129, 132.

An analagous situation was ably discussed by Mr. Justice Wolfe in the case of *Kunz* v. *Nelson*, 94 Utah 185, 76 P. 2d 577, 581, 115 A. L. R. 1322. It was there said:

"* * * While an alternative verdict is quite in order, a general verdict, finding for the plaintiff and the value of the property, is sufficient to support a judgment in the alternative for a return of the property or its value. *Hobbs* v. *Clark*, 53 Ark. 411, 14 S. W. 652, 9 L. R. A. 526; *Etchepare* v. *Aguirre*, 91 Cal. 288, 27 P. 668, 929, 25 Am. St. Rep. 180. The verdict could not decree a return. The judgment would decree a return of those articles returnable and decree judgment for the balance according to the values found by the jury. The judgment in this case failed to do that but was for the value only. Ordinarily, in a replevin suit, the judgment should be for the return of the property or for its value in case it is not returned and damages for its detention. But, as we shall later see, the rule is not inflexible. The very wording of section 104-30-11 is that judgment 'may be' (not 'shall be') 'for the possession,' etc.

"It has been consistently held that the judgment does not need to be in the alternative where it appears that the property cannot be returned. *Dolinsky* v. *Williams*, supra [56 Utah 186, 189 P. 873]; 23 R. C. L. 939; *Larson* v. *Hanson*, 26 N. D. 406, 144 N. W. 681, 51 L. R. A., N. S., 655. And, where it appears that the property is returnable and the judgment provides only for the return of the property and not its value in case it is not delivered, it has been held that the judgment is good if the prevailing party makes no objection because the value is for his own benefit and he may waive it if he chooses and take the judgment merely for the return of the property. *Thompson*

v. *Scheid*, 39 Minn. 102, 38 N. W. 801, 12 Am. St. Rep. 619; *Peterson* v. *First National Bank of Bay Point*, 101 Cal. App. 532, 281 P. 1104; *Stroud* v. *Morton*, 70 Mo. App. 647; *Central Missouri Trust Co.* v. *Wulfert*, 198 Mo. App. 85, 199 S. W. 724; *Wheeler* v. *Jones*, 16 Mont. 87, 40 P. 77.

"This would seem to be in accordance with the general principal that in replevin actions a judgment is satisfied by a return of the property in as good condition as when detained. But some cases make the bland statement that the alternative judgment is for the benefit of the party prevailing and that he can waive the defect of its not being in the alternative. It must be admitted that in all these cases which have been examined by us where this statement was made the judgment omitted the value arm of the alternative and the goods were intact so that they could be returned. And the prevailing party was willing to accept their return, *Whetmore* v. *Rupe*, 65 Cal. 237, 3 P. 851; *Farmers' Loan & Trust Co.* v. *Commercial Bank of Racine*, 15 Wis. 424, 82 Am. Dec. 689; *Kloety* v. *Delles*, 45 Wis. 484; but by *Smith* v. *Coolbaugh*, 19 Wis. 106, the judgment cannot be for the value only where the party claims a return, *Caldwell* v. *Ryan*, 210 Mo. 17, 108 S. W. 533 [16 L. R. A., N. S., 294], 124 Am. St. Rep. 717, 14 Ann. Cas. 314. In *Griffith* v. *Reddick*, 41 Cal. App. 458, 182 P. 984, 985, it was held: 'The Code provision (Code Civ. Proc. §§ 627, 667) entitling the prevailing party in proceedings under claim and delivery to an alternative judgment for the value of the property in case a return cannot be had, is solely for the benefit of the prevailing party. It does not, where the judgment is for a redelivery to the defendant, or for the value if a return of the property cannot be had, give to the plaintiff the privilege of either redelivery or payment of the value at his option.' "

There is no basis for an estoppel. If Miner had no title, Johnson had none. The pursuance of alternate remedies against Miner under a void judgment could not raise an estoppel in favor of Johnson a third party and not a party to the action in claim and delivery. Much less ground is there where a plaintiff is in good faith pursuing a remedy under a void judgment in so far as passing title. The passage of title can get to Johnson by no other process or means than through Miner. Surely, the law will not aid a wrongdoer in an action ex delicto by raising an estoppel in his favor and making such available to a third party who happened to be another victim of the wrongdoer. As well say the sheriff is

protected in taking the property of other than the judgment debtor under a valid execution or the property of any one under a void execution as to say Johnson acquired title by estoppel under a valid judgment or a void judgment against Miner.

Judgment should be reversed.

McDONOUGH, Justice (dissenting).

I concur in the views expressed by Mr. Chief Justice MOFFAT in his dissenting opinion.