17247

HELEN WASHINGTON, Appellant, v. WESTERN AUTO SUPPLY COMPANY, Respondent

(96 S. E. (2d) 63)

*Messrs. S. S. Seideman* and *Jack P. Brickman,* of Charleston, *for Appellant,*

*Messrs. Herman Fisher, I. H. Jacobson* and *A. Arthur Rosenblum* of Charleston, *for Respondent,*

*Messrs. S. S. Seideman* and *Jack P. Brickman,* of Charleston, *for Appellant,*

January 8, 1957.

OXNER, Justice.

Stated generally, the question presented by this appeal is whether a successful defendant in a claim and delivery proceeding may thereafter maintain an independent action against the unsuccessful plaintiff to recover damages for the taking and detention of the property.

On January 13, 1955, the Western Auto Supply Company, claiming that Helen Washington was in default in the payment of the balance due on certain chattel mortgages held by it, brought an action in claim and delivery to recover possession of the personal property covered by said mortgages. Plaintiff gave the required undertaking and the sheriff took possession of the property. No redelivery bond was executed by defendant. In the answer filed by her, she admitted the execution of the mortgages and the balance due but claimed that the plaintiff had agreed not to insist on prompt payment of the monthly installments and to permit her a reasonable time to catch up the installments in arrears. She further alleged that the plaintiff maliciously breached said agreement "with the sole intent of defrauding and taking" her few possessions. The prayer of the answer was that the property be returned to her or that she have judgment for its value in case return could not be had, and "for $3,-000.00 damages, both actual and punitive, for the wrongful taking and withholding of the same."

The case was heard in the Civil and Criminal Court of Charleston in May, 1955. At the beginning of the trial, counsel for plaintiff moved to strike from the answer the prayer for damages on the ground that the defendant had set up no counterclaim. Counsel for defendant took the position that she had properly done so but asked in the event the Court took a different view, for permission to amend the answer so as to set up a counterclaim. The Court ruled

that the answer did not contain a counterclaim and struck the prayer for damages. Apparently defendant's motion for an amendment was refused. The case was submitted to the jury solely on the question of the right of possession. The following verdict was returned: "We find for the defendant the possession of the property, or if possession cannot be had for the sum of $400.00 the value thereof."

On May 19, 1955, the defendant entered up in the office of the clerk of court an unconditional money judgment for $400.00 and costs. The plaintiff, Western Auto Supply Company, appealed to the Court of Common Pleas. Judge Henderson, the then presiding Judge of that Court, in an order filed on November 5, 1955, affirmed the judgment of the Civil and Criminal Court, stating that "substantial justice has been done." There was no appeal by defendant from the rulings made by the Judge of the Civil and Criminal Court.

On February 18, 1956, Helen Washington brought the instant action in the Civil and Criminal Court of Charleston to recover, quoting from the prayer, "$3,000.00 damages, both actual and punitive, for the wrongful, illegal, malicious and unlawful taking and withholding from the plaintiff of the aforesaid items." After setting forth in her complaint that it was determined by the judgment in the claim and delivery action that the property was wrongfully and unlawfully taken and that she was entitled to possession thereof or if possession could not be had, for $400.00 the value of the property, she alleged:

"Sixth: That plaintiff, through her attorney, on numerous occasions has made demand of the Western Auto Supply Company, through its attorneys, to comply with the judgment of this Honorable Court, to no avail.

"Seventh: That during all of this period, plaintiff who is a widow and the mother of six small children, has been deprived of these valuable and essential household items without which she and her children have been put to a great inconvenience and hardship; this deprivation has caused

plaintiff actual, physical and mental strains and aggravations in order to properly clean, feed and take care of herself and her children; that the action and behavior of the defendant in unlawfully and wrongfully taking the said items and retaining the said items has been malicious and willful."

The defendant Western Auto Supply Company demurred to this complaint upon the ground that it failed to state a cause of action in that the former judgment "adjudicated all rights and duties under the facts as set forth in the complaint." The demurrer was overruled by the Judge of the Civil and Criminal Court. His order was reversed by Judge Brailsford, who was then presiding in the Ninth Circuit. From this order of Judge Brailsford sustaining the demurrer, Helen Washington has appealed.

As shown by annotation in 85 A. L. R., beginning on page 687, there is some conflict in the decisions on the question as to whether a defendant in a claim and delivery action, who has been awarded possession of the property or its value, may thereafter maintain an independent action to recover damages for the taking and detention of such property. This divergence of opinion is doubtless due to some extent to differences in the statutes involved. We think our statutes contemplate the settlement in one suit of all questions that might arise out of the unlawful taking or detention of the property and not a splitting of the cause of action for wrongful taking.

Section 10-1453 of the 1952 Code reads in part as follows:

"In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff or if it has, and the defendant by his answer claims a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff or if they find in favor of the defendant and that he is entitled to a return thereof, and may at the same time assess the damages, both actual and punitive, if any are claimed in the complaint or

answer, which the prevailing party has sustained by reason of the detention or taking and withholding of such property."

Section 10-2516 provides:

"If the property has been delivered to the plaintiff and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof in case a return cannot be had and damages, both actual and punitive, for taking and withholding the same."

In discussing these sections of the Code, the Court said in *Columbia Nat. Bank v. Reynolds*, 166 S. C. 426, 164 S. E. 911, 912, "that it was the intention of the Legislature to make such provisions so as to permit the settlement in one suit of all claims, demands, and controversies between the parties that are connected with the right of possession of the personal property involved in the action."

Appellant argues that while under these statutes the assessment of the value of the property is mandatory, the assessment of damages is permissive. But the Court pointed out in *Archer v. Long*, 32 S. C. 171, 11 S. E. 86, 92, that the assessment of damages could not very well be made mandatory because there may be cases where no damages are sustained. The Court there said with reference to 10-1453:

"Now, it will be observed that in the first branch of the section, which relates to the form of the verdict in respect to the value of the property sued for, the language is imperative, 'shall assess the value of the property;' but in the other branch of the section relating to the damages sustained by the taking or detention of the property, the language is permissive only,—'may at the same time assess the damages.' This necessarily implies that property sued for in an action of this kind always has a value which must be assessed by the jury, but that there may or may not, be damages in a given case, and hence the jury is not required, but is permitted, to assess such damages as may have been proved."

Counsel for appellant say that they made every effort in the claim and delivery action to have the question of damages for the unlawful taking and detention of the property determined but were prevented from doing so by the strenuous objections of the respondent. They call attention to the fact that it was on respondent's motion in the prior action that the Court struck out the prayer for damages in appellant's answer and refused to submit that question to the jury. It is argued that respondent is now estopped from asserting that the judgment in the claim and delivery action constitutes a bar to the maintenance of an independent action for damages. But we are not concerned here with the correctness of the ruling of the trial Judge in the claim and delivery case or whose action brought it about. Assuming that he was in error in refusing to submit the issues of damages to the jury, cf. *Levi v. Legg & Bell,* 23 S. C. 282, the remedy of appellant was to appeal from the judgment rendered. As stated by Judge Brailsford in his order, "If the judgment awarded her did not include all of the relief to which she was entitled, it was her duty to move for a new trial or to appeal."

Finally, it is argued that in no event would the judgment in the prior action bar the recovery of any damages sustained subsequent to its rendition. Appellant says in her brief: "The previous action determined who was entitled to possession, the present claim is an independent claim for the damages sustained after it had been determined that the respondent was not entitled to possession."

It is unnecessary to determine whether appellant would be entitled to recover on the foregoing theory if she had entered the claim and delivery judgment in the alternative. As shown in *Wilkins v. Willimon,* 128 S. C. 509, 122 S. E. 503, the proper form for entry of the judgment in the office of the clerk of court would have been that the defendant recover of the plaintiff the possession of the property or, in case delivery could not be had, for its value $400.00. But

instead of doing this, appellant entered an unconditional money judgment for $400.00 and costs. We think she thereby waived the right to the return of the property and elected to take judgment for its value. *Reynolds v. Philips,* 72 S. C. 32, 51 S. E. 523; *Johnson v. Durnell,* 98 Utah 487, 93 P. (2d) 914, 916; 46 Am. Jur., Replevin, Section 123; 77 C. J. S., Replevin, § 251, page 179.

In *Johnson v. Durnell, supra,* the C. I. T. Corporation recovered judgment against a defaulting mortgagor for the possession of the body of a truck or its value, $200.00. However, it entered in the clerk's office a money judgment only. In holding that the C. I. T. Corporation had waived the return of the property, the Court said:

"When a party takes a judgment for value only, he thereby waives all rights to a judgment for return of the property. He elects to look to the debtor and not to the property. He waives the right to recover possession and all claims of title or interest in the property. * * * Certainly, standing on his judgment, he can claim nothing not given by the judgment. One having elected to take a judgment for value only is by that judgment, so long as it is not properly challenged, barred from asserting any other or further rights to the matters litigated therein than are given by his judgment."

There can be no recovery of damages for failure to pay a money judgment. The judgment creditor is only entitled to the payment of the principal with interest and costs.

It will be noted that the Western Auto Supply Company has not attacked the form of the judgment entered in the claim and delivery case. Nor has it sought to discharge same by returning the property. Any right it may have had to do so, therefore, is not presented by this appeal.

The order of Judge Brailsford sustaining the demurrer is affirmed.

STUKES, C. J., and TAYLOR and MOSS, JJ., concur.

LEGGE, J., not participating.